**Raymond F. SCHUENEMANN, III, Adm. of the Estate of Brynne A. Schuenemann, Dec'd, Appellees**

**v.**

**DREEMZ, LLC, Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 23, 2011.
Filed Nov. 4, 2011.

---

▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

William D. Pasterick, Cherry Hill, N.J., for appellant.

Ronald E. Chizmar, Philadelphia, for appellee.

BEFORE: BOWES, ALLEN, and PLATT*, JJ.

OPINION BY ALLEN, J.:

Appellant, Dreemz, LLC, ("Dreemz") appeals from the order entered December 6, 2010, denying Dreemz' post-trial motion. We affirm.

The pertinent facts are as follows. On November 4, 2006, 23 year old Brynne Schuenemann ("decedent"), consumed alcohol at Dreemz, a bar in Philadelphia, Pennsylvania. After leaving Dreemz, in the early hours of November 5, 2006, the decedent drove her vehicle into a pole at a high rate of speed, and died five to fifteen minutes after first responders arrived. Trial Court Memorandum, 12/6/10, at 1.

■■■■ On March 3, 2009, Raymond F. Schuenemann, III, ("Appellee") on behalf of the estate of decedent, filed a civil complaint seeking damages against Dreemz. Appellee's complaint consisted of two counts: Count I alleged negligence/carelessness and/or recklessness by Dreemz for having sold alcoholic beverages to de-

* Retired Senior Judge assigned to Superior Court.

cedent when she was visibly intoxicated; Count II constituted a survival action for the pecuniary loss sustained by decedent's estate as a result of her death. Complaint in Civil Action, 3/3/09, at 1–14. Appellee claimed that Dreemz was liable under 47 Pa.S.A. § 4–493 of the Pennsylvania Liquor Code (Dram Shop Act) which prohibits liquor establishments from serving alcohol to visibly intoxicated persons.[1]

A jury trial commenced on May 10, 2010, and on May 14, 2010, the jury returned a verdict in favor of Appellee, awarding damages of $479,559.00 in the wrongful death action and $1,485,199.00 in the survival action. The jury additionally determined that decedent was 49% comparatively negligent. Trial Court Memorandum, 12/6/10, at 2. Immediately following the verdict, the trial court conducted a hearing on Appellee's claim for punitive damages, following which the jury concluded that the conduct of Dreemz was malicious, wanton, willful or oppressive, or showed reckless indifference to the interests of others. However, the jury awarded zero dollars in punitive damages. *Id.*; N.T., 5/11/10, at 123–142.

Dreemz filed a post-trial motion on May 18, 2010, seeking judgment notwithstanding the verdict or, in the alternative, a new trial. The trial court conducted oral argument on the post-trial motion on November 10, 2010. On December 6, 2010, the trial court denied Dreemz' post-trial motion and entered judgment in favor of Appellee in the amount of $1,019,912.69. On that same date, the trial court filed a memorandum in support of its order denying Dreemz' post-trial motion.

Dreemz filed a notice of appeal on January 5, 2011. The trial court did not order Dreemz to file a 1925(b) concise statement of errors complained of on appeal. On January 8, 2011, the trial court filed a 1925(a) opinion stating that the reasons for its denial of Dreemz' post-trial motion were adequately set forth in its December 6, 2010 memorandum.

Dreemz raises the following issues for our review:

1. Whether this Honorable Court should grant a new trial when the trial court improperly allowed [Appellee] to present a general negligence claim against Dreemz, LLC, and to present improper and prejudicial evidence, despite the clear statutory language contained in 47 P.S. § 4–493(1) and 47 P.S. § 4–497 limiting [Appellee's] cause of action to service of alcohol to a visibly intoxicated person?

2. Whether this Honorable Court should grant a new trial when the trial court improperly allowed [Appellee] to refer to the "legal limit" for safe operation of a motor vehicle of .08 blood alcohol content in a civil case where such criminal standard has no relevance, is highly prejudicial, and despite the established law prohibiting the same?

Dreemz' Brief at 4.

■ In its first issue, Dreemz argues that the trial court erred in denying its motion for new trial.

[O]ur standard of review when faced with an appeal from the trial court's denial of a motion for a new trial is

---

1. Section 4–493 of the Liquor Code does not create a private statutory cause of action. Rather, the Liquor Code is a penal statute which contains a legislative standard of conduct for which civil liability may be imposed, by way of a common law tort action, upon a defendant. Section 4–493 imposes a duty upon the defendant-licensees, the violation of which is negligence per se and gives rise to an action in tort. *Alfred M. Lutheran Distributors, Inc. v. A.P. Weilersbacher, Inc.,* 437 Pa.Super. 391, 650 A.2d 83, 90–91 (1994).

whether the trial court clearly and palpably committed an error of law that controlled the outcome of the case or constituted an abuse of discretion. In examining the evidence in the light most favorable to the verdict winner, to reverse the trial court, we must conclude that the verdict would change if another trial were granted. Further, if the basis of the request for a new trial is the trial court's rulings on evidence, then such rulings must be shown to have been not only erroneous but also harmful to the complaining parties. Evidentiary rulings which did not affect the verdict will not provide a basis for disturbing the jury's judgment. . . .

Moreover, the admission or exclusion of evidence is within the sound discretion of the trial court. In reviewing a challenge to the admissibility of evidence, we will only reverse a ruling by the trial court upon a showing that it abused its discretion or committed an error of law.

*Schmidt v. Boardman*, 958 A.2d 498, 516 (Pa.Super.2008).

■ Dreemz claims that it is entitled to a new trial because the trial court erroneously allowed evidence to be presented to the jury that was impermissible in a cause of action brought under the Dram Shop Act. Dreemz' Brief at 14–22.[2] Section 4–493 of the Dram Shop Act, at issue here, sets forth the duties associated with the serving of alcohol. It reads, in pertinent part, as follows:

> *It shall be unlawful . . . [fo]r any licensee . . . to sell, furnish or give any liquor or malt or brewed beverages, or to permit any liquor or malt or brewed beverages to be sold, furnished or given, to any person visibly intoxicated,* or to any minor: Provided further, [t]hat notwithstanding any other provision of law, no cause of action will exist against a licensee . . . furnishing or giving any liquor or malt or brewed beverages or permitting any liquor or malt or brewed beverages to be sold, furnished or given to any insane person, any habitual drunkard or person of known intemperate habits unless the person sold, furnished or given alcohol is visibly intoxicated or is a minor.

47 P.S. § 4–493(1) (emphasis added).

While "[T]raditionally, liability is established after a finding is made that a duty existed, a breach of that duty occurred, and the resulting harm was proximately caused by the breach, [Section 4–493] clearly imposes a duty on [liquor licensees] to refrain from selling liquor to a visibly intoxicated individual. Thus, where those on whom a duty has been imposed not to serve visibly intoxicated patrons, breach that duty, those persons may be responsible where their actions are found to be a substantial factor in causing an injury. By imposing potential liability on employees of a licensee who are responsible for making the determination of whether a patron is visibly intoxicated, there is a better chance that patrons will not be served when they should not be served." *Detwiler v. Brumbaugh*, 441 Pa.Super. 110, 656 A.2d 944, 946–947 (1995).

---

2. On March 29, 2010, Dreemz filed a motion in limine to limit the evidence to be introduced at trial, requesting that the scope of the evidence be restricted. Oral argument on that motion was conducted on May 10, 2010. The trial court denied Dreemz' motion in limine that same day. *See Blumer v. Ford Motor Co.*, 20 A.3d 1222, 1232 (Pa.Super.2011) ("a motion in limine may preserve an objection for appeal without any need to renew the objection at trial, but only if the trial court clearly and definitively rules on the motion"); Pa.R.E. 103(a). Dreemz' evidentiary challenge has thus been preserved for appellate review.

■ "A violation of the statute is negligence *per se* and if the violation was the proximate cause of the plaintiff's injury, the defendant is liable for it." *Cron v. Sarjac, Inc.,* 552 Pa. 269, 714 A.2d 1024, 1025 (1998). "Thus, in order for [a plaintiff] to recover, they must prove two things: (1) that an employee or agent of [the defendant] served the decedent alcoholic beverages at a time when he was visibly intoxicated; and (2) that this violation of the statute proximately caused [the decedent's] injuries and ultimate death." *Fandozzi v. Kelly Hotel, Inc.,* 711 A.2d 524, 525–526 (Pa.Super.1998); *Miller v. Brass Rail Tavern, Inc.,* 702 A.2d 1072, 1078 (Pa.Super.1997).

Dreemz asserts that the Pennsylvania Dram Shop Act, which provides that a licensee is subject to liability only where the licensee served alcohol to an individual who was visibly intoxicated, limits the evidence a plaintiff may introduce at trial. Specifically, Dreemz contends that the Dram Shop Act limits the plaintiff to the provision of evidence designed to show that the licensee served alcohol to a visibly intoxicated person, and precludes the plaintiff from presenting extraneous evidence that would not trigger such liability. On this basis, Dreemz asserts that the trial court in the present case erred in allowing the jury to hear evidence about Dreemz' internal policies and procedures, including training of employees and its policy with regard to calling taxicabs for intoxicated patrons, its video surveillance equipment and usage, the identity of the manager on duty the night of the incident, and the nature of its conditional licensing agreements with the Liquor Control Board. Dreemz' Brief at 13, 18–21. Additionally, Dreemz asserts that the trial court erred in allowing the jury to hear evidence that an underage individual by the name of Jasmine Childs had been allowed into the establishment, with a false identification, and that an individual named Jamie Kamerer had been allowed into Dreemz without identification. *Id.* Dreemz further asserts that the trial court impermissibly allowed Appellee to question Justin Pignatelli, a co-owner of Dreemz, about Dreemz' certification under the responsible alcohol management provisions (RAMP) of the Liquor Code, his correspondence with the Liquor Control Board, and his compliance with sections of the Liquor Code dealing with transfer of ownership and management of the establishment. *Id.* Dreemz argues that this evidence was impermissible because it did not trigger a cause of action under 47 P.S. § 4–493, which limits liability to serving alcohol to visibly intoxicated persons. Dreemz contends that the introduction of evidence regarding Dreemz' internal procedures and its compliance with extraneous and unrelated provisions of the Liquor Code was irrelevant to the material issue at trial, highly prejudicial, and that the trial court erred in failing to limit the introduction of such evidence. Dreemz concludes that given the very close split by the jury in its apportionment of liability (51% to Dreemz and 49% to decedent), the improper influence of the foregoing evidence warranted a new trial. Dreemz' Brief at 14–22.

■ In sum, Dreemz challenges the trial court's evidentiary rulings, and contends that the admission of the foregoing evidence constitutes reversible error. Admission of evidence is within the sound discretion of the trial court and a trial court's rulings on the admission of evidence will not be overturned absent an abuse of discretion or misapplication of law. *Stumpf v. Nye,* 950 A.2d 1032, 1035–1036 (Pa.Super.2008). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of

partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused." *Stumpf,* 950 A.2d at 1036.

"To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party. For evidence to be admissible, it must be competent and relevant. Evidence is competent if it is material to the issue to be determined at trial. Evidence is relevant if it tends to prove or disprove a material fact." *American Future Systems, Inc. v. BBB,* 872 A.2d 1202, 1212 (Pa.Super.2005). *See* Pa. R.E., Rule 401 ("Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.") "Relevant evidence is admissible if its probative value outweighs its prejudicial impact. The trial court's rulings regarding the relevancy of evidence will not be overturned absent an abuse of discretion." *American Future Systems, Inc.,* 872 A.2d at 1212. "A party suffers prejudice when the trial court's error could have affected the verdict." *Gaudio v. Ford Motor Co.,* 976 A.2d 524, 535 (Pa.Super.2009).

Here, the trial court explained that the foregoing evidence regarding Dreemz' licensing, certification and correspondence with the Liquor Control Board, and internal employee procedures, was not improperly admitted as it was "appropriate rebuttal to the Dreemz defense that its personnel were trained. Moreover, the absence of certification and policies were proper evidence to establish causation." Trial Court Memorandum, 12/6/10, at 12. We agree.

Under the Dram Shop provisions of the Liquor Code, liquor licensees are entrusted with monitoring the patrons to whom they serve alcohol, in order to detect visible signs of intoxication. To this end, the responsible alcohol management provisions of the Liquor Code (RAMP) require certified licensees such as Dreemz to train and inform their employees about Pennsylvania law relating to the sale, furnishing, and serving of alcoholic beverages to minors and visibly intoxicated persons. *See* 47 P.S. § 4–471.1. In the instant case, therefore, evidence regarding Dreemz' compliance with the Liquor Code RAMP requirements for its employees, as well as evidence regarding the internal policies for Dreemz' employees with regard to service of alcohol to visibly intoxicated persons, was relevant and material to the issue to be determined at trial, i.e., whether Dreemz served alcohol to a visibly intoxicated person. Therefore, we find no error in the trial court's rejection of Dreemz' motion to exclude such evidence.

Further, we note that in its deposition testimony and/or answers to interrogatories, Dreemz asserted that its employees were trained and certified in accordance with the requirements of the Liquor Code. *See e.g.* Response of Defendant Dreemz, LLC to Plaintiff's Request for Production of Documents, 3/27/09, at 2–4; Deposition testimony of Lee Miller, 12/20/09. As we explained in *Coleman v. Wyeth Pharmaceuticals, Inc.,* 6 A.3d 502, 525–526 (Pa.Super.2010), deposition testimony and answers to interrogatories may be used against any party for purposes such as impeachment or as party admissions, and "at trial or hearing, any party may rebut any relevant evidence contained in a deposition whether introduced by that party or by any other party." *See* Pa. R.C.P. 4020(d). Thus, we find no error in the trial court's determination that the foregoing challenged evidence was appropriate in light of Dreemz' assertions that its personnel were trained in accordance

with the Liquor Code. Trial Court Memorandum, 12/6/10, at 12.

■ Dreemz additionally contests the admission of evidence that, on the night of the incident, Jasmine Childs, a friend of the decedent, was permitted to enter Dreemz even though she was under the age of twenty-one, and Jamie Kamerer, also a friend of the decedent, was permitted to enter Dreemz without identification. *See* N.T., 5/11/10, at 109; N.T., 5/12/10, at 224. Dreemz asserts that this evidence was irrelevant, that its prejudicial value outweighed its probative value, and that it was reversible error to allow it to be heard by the jury. We find no abuse of discretion in the trial court's determination that this evidence was relevant and admissible.

■ The foregoing evidence regarding the fact that Dreemz permitted underage patrons and patrons without identification to enter its establishment was relevant and admissible to demonstrate Dreemz' adherence to the Liquor Code, as well to show Dreemz' course of conduct relative to its patrons. We reiterate that a trial court has broad discretion with regard to the admissibility of evidence, and is not required to exclude all evidence that may be detrimental to a party's case. *See Pittsburgh Const. Co. v. Griffith*, 834 A.2d 572, 585 (Pa.Super.2003). Such rulings on the admission of evidence

will not be overturned by this Court absent a conclusion that the law has been overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record. *Stumpf, supra.* In the absence of an error of law or abuse of discretion, we affirm the trial court's evidentiary rulings in this case.[3]

In its second issue, Dreemz argues that trial court improperly allowed Appellee to offer testimony regarding the legal limit for blood alcohol content (BAC), as set forth in 75 Pa.C.S.A. § 3802 of the Vehicle Code. Dreemz asserts that § 3802 of the Vehicle Code, which prohibits individuals with a BAC of over .08 from operating motor vehicles, is a standard pertaining to criminal cases, and had no relevance in the present case. Dreemz contends that testimony that the legal BAC limit in Pennsylvania for operation of a vehicle is .08 was highly prejudicial, and contrary to existing law prohibiting the introduction of such evidence in civil actions.[4]

In support of its assertion, Dreemz relies primarily on *Suskey v. Loyal Order of Moose Lodge No. 86*, 325 Pa.Super. 94, 472 A.2d 663 (1984). In *Suskey*, we examined the applicability to civil cases of 75 Pa. C.S.A. 1547(d) (repealed) which stated that

---

**3.** Dreemz additionally contends that the trial court erred in admitting evidence regarding Dreemz' policy with regard to calling taxicabs for intoxicated patrons, or making arrangements to have such patrons transported safely from its premises. Dreemz' Brief at 17–19. *See* N.T., 5/11/10, at 95; N.T., 5/12/10, at 89. In support of this assertion, Dreemz relies heavily on *Druffner v. O'Neill*, 2011 WL 1103647 (E.D.Pa. March 24, 2011), a non-precedential, unpublished decision of the United States District Court for the Eastern District of Pennsylvania. *Druffner* is inapposite because, in addition to being non-precedential, it does not address § 4–493 of the Dram Shop Act, applicable here. *Druffner*

precluded a plaintiff from bringing a common law negligence claim against a bar for failing to ensure that a patron did not drive while intoxicated, in addition to a claim under the Dram Shop Act. *Druffner* did not address a cause of action under § 4–493 of the Dram Shop Act.

**4.** On March 12, 2010, Dreemz filed a motion in limine seeking to preclude testimony regarding Pennsylvania's criminal standard for driving under the influence. This issue has therefore been preserved for appellate review. *See Blumer, supra* at n. 1.

a BAC in excess of 0.10 raised a presumption that the individual was under the influence of alcohol. We held in *Suskey* that a jury in a Dram Shop case could not be charged with the § 1547 presumption which pertained to criminal cases involving operation of a motor vehicle while under the influence of alcohol. We explained "the relationship between legal intoxication in re: competency to operate a motor vehicle, and visible intoxication [in Dram Shop cases] is simply too attenuated to support a mandatory application of the presumption under § 1547 to a civil case requiring proof of visible intoxication." *Suskey,* 472 A.2d at 666.

■ In reliance on *Suskey,* Dreemz claims that it was error for the trial court to permit the jury to hear testimony that the legal limit for operation of motor vehicle in Pennsylvania is a BAC over 0.08. We find *Suskey* distinguishable. While the jury here was informed that the legal limit for alcohol consumption is .08, unlike in *Suskey,* the jury was not charged that a BAC in excess of the legal limit raised a presumption that the individual was under the influence of alcohol. Rather, the trial court in the present case left it to the jury to weigh the relevant evidence and determine whether the decedent was visibly intoxicated. The evidence regarding decedent's BAC level was relevant to establish decedent's intoxication. The jury was free to assign significance to that evidence as it chose, and it is not the province of this Court to invade the jury's function in that regard.

Moreover, in, *Ackerman v. Delcomico,* 336 Pa.Super. 569, 486 A.2d 410 (1984), discussing the propriety of admitting evidence of an individual's blood alcohol content in a civil case, we explained:

The theory behind allowing a blood alcohol level to be admitted into evidence in a civil case is that it is relevant circum-

stantial evidence relating to intoxication. However, blood alcohol level alone may not be admitted for the purpose of proving intoxication. There must be other evidence showing the actor's conduct which suggests intoxication. Only then, and if other safeguards are present, may a blood alcohol level be admitted.

\* \* \*

However, in determining that the admission of blood alcohol level [is] proper, we would nonetheless underscore the concern of this Court in *Suskey v. Moose Lodge No. 86* [325 Pa.Super. 94], 472 A.2d 663 (1984), of admitting into evidence a blood alcohol level without explanatory expert testimony in a civil case.

*Ackerman,* 486 A.2d at 414.

■ In the present case, the references to the decedent's BAC level were made by Appellee's expert witness, Dr. John DiGregorio. Specifically, Dr. DiGregorio testified that the decedent had a BAC level of 0.224 and that the legal limit in Pennsylvania for operation of a motor vehicle is 0.08. N.T., 5/13/10, at 46–47. In accordance with *Ackerman,* Dr. DiGregorio, in addition to referring to BAC levels, testified extensively about the visible effects of alcohol consumption, including the manner in which alcohol would have impaired the decedent's motor functions, resulting in her exhibiting slurred speech, "wobbling back and forth" and "swaying", in support of his opinion that the decedent was visibly intoxicated. N.T., 5/13/10, at 25–47. Moreover, Jasmine Childs, a friend of the decedent, testified that the decedent "bought multiple rounds of alcohol" and while at Dreemz was "loud" "stumbling" and slurring her speech while still buying drinks from the bar. N.T., 5/11/10, at 127–129. Justin Witt, a friend of the decedent, additionally testified that while at Dreemz

the decedent was "bumping into people," unsteady on her feet, had "glossy ... almost closing eyes" and was "sluggish" and "sloppy." N.T., 5/11/10, at 157–160. Appellee's expert witness, Dr. DiGregorio, testified that the descriptions of the decedent by Jasmine Childs and Justin Witt were consistent with the behavior exhibited by a person who is visibly intoxicated. N.T., 5/13/10, at 32–70. We conclude therefore that the trial court acted within its discretion in admitting as relevant the evidence of the decedent's BAC level. Moreover, in light of the extensive testimony regarding the decedent's conduct and behavior while at Dreemz and her display of visible signs of intoxication, any error resulting from the introduction of testimony about the legal BAC limit for operating a vehicle in Pennsylvania was harmless.

Given the foregoing, we find no error or abuse of discretion in the trial court's denial of Dreemz' request for a new trial, and affirm the entry of judgment.

Judgment affirmed.