J-A27008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PAULA L. STILLMAN, M.D. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| TEMPLE UNIVERSITY HEALTH SYSTEM AND TEMPLE UNIVERSITY HOSPITAL, INC. | |
| Appellees | No. 856 EDA 2016 |

Appeal from the Judgment Entered May 5, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 140203174

BEFORE:  PANELLA, J., LAZARUS, J., and FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.              **FILED JANUARY 31, 2017**

Appellant, Paula L. Stillman, M.D., appeals from the judgment entered in the Philadelphia County Court of Common Pleas. We affirm.

The relevant facts and procedural history are as follows. Appellant is a former at-will employee of Temple University Hospital System ("TUHS"). During a meeting on November 20, 2013, a representative of TUHS informed Appellant that her position was being terminated. TUHS offered Appellant twelve weeks of severance pay in exchange for Appellant providing a release. Appellant objected to the duration of the severance pay; TUHS agreed to pay Appellant six months of severance instead. Following the

_____

[*] Former Justice specially assigned to the Superior Court.

meeting, TUHS sent Appellant a letter stating she would receive six months of severance, provided she made a good-faith effort to seek other employment. The letter also stated the severance payments would be offset by any compensation she earned as the result of other employment during that time. Appellant refused to agree to the terms of the letter, and did not sign a release.

On February 28, 2014, Appellant filed the instant complaint. Appellant claimed TUHS breached her contract by refusing to pay her six months' severance, without an offset provision; failing to pay Appellant a merit bonus to which she was entitled; and interfering with Appellant's subsequent employment contract at another hospital. TUHS filed preliminary objections, stating Appellant failed to prove the existence of a contract addressing severance, or that she was entitled to a discretionary bonus. The court sustained TUHS's preliminary objections and dismissed Appellant's Wage Payment and Collection Law and breach of contract claims. The court determined that Appellant's claims of an oral severance agreement made after her termination lacked valid consideration, and thus could not constitute a contract. Appellant then filed a motion for permission to amend her complaint, which the court granted. Appellant's amended complaint alleged that, at the time she was hired, TUHS promised her six months of severance pay in the event she was terminated.

Thereafter, TUHS filed a motion for summary judgment. The court granted TUHS's motion as to Appellant's claim for a merit bonus; it

determined that Appellant was eligible for a bonus, but that she was not guaranteed or otherwise legally entitled to one. Appellant proceeded to a jury trial on her remaining claims. The court permitted Appellant to continue to litigate her severance claim, but only as to whether Appellant and TUHS entered into a valid oral contract prior to or simultaneous with the beginning of Appellant's employment. The court ruled that the jury would not evaluate the question of whether any oral severance agreement had been made at the time of Appellant's termination on November 20, 2013, in keeping with the court's prior ruling on TUHS's preliminary objections. The jury returned a verdict in favor of TUHS. Appellant filed a timely post-trial motion requesting judgment notwithstanding the verdict ("JNOV") or a new trial. The court denied Appellant's motion, and she filed a notice of appeal.[1]

Appellant raises three questions for our review:

> 1. Whether the trial court erred when it failed to direct a judgment in [Appellant's] favor on her claims (a) for breach of a contract to pay severance benefits and (b) for severance benefits and attorneys' fees pursuant to the Wage Payment and

---

[1] Judgment had not been entered on the docket when Appellant filed her notice of appeal. In her notice of appeal, Appellant purported to appeal from the denial of her post-trial motion. *See* Notice of Appeal, filed 3/15/16. "Orders denying post-trial motions, however, are not appealable. Rather, it is the subsequent judgment that is the appealable order when a trial has occurred." *Harvey v. Rouse Chamberlin, Ltd.*, 901 A.2d 523, 524 n.1 (Pa. Super. 2006) (citation omitted). Accordingly, this Court issued an order directing Appellant to praecipe the trial court prothonotary to enter judgment. *See* Order, filed 5/4/16. Appellant complied with our order and judgment was entered in the lower court on the next day. We have corrected the caption accordingly.

Collection Law, where the undisputed evidence at trial established all the elements necessary to prove [Appellant's] claim for breach of an oral contract to pay six months' severance made on November 20, 2013?

2.    Whether the trial court erred when it failed to grant [Appellant's] motion for a new trial on her claims (a) for breach of a contract to pay severance benefits and (b) for severance benefits, attorneys' fees and liquidated damages pursuant to the Wage Payment and Collection Law, where errors in the jury charge, the verdict sheet, the permitted scope of closing argument, and the evidence admitted at trial, resulted in prejudice to [Appellant] that affected the outcome of the trial?

3.    Whether the trial court erred when it granted summary judgment to TUHS on [Appellant's] breach of contract and Wage Payment and Collection Law claims for a performance-based bonus?

Appellant's Brief, at 2-3 (unnecessary capitalization omitted).

In her first issue, Appellant argues the evidence proved TUHS breached an oral agreement with Appellant to pay her six months' severance. Appellant contends TUHS promised to pay severance during the November 20, 2013 meeting when Appellant was terminated. Appellant claims the trial court erred when it determined that any post-termination agreement lacked consideration because Appellant did not sign a release in exchange for the purported severance pay. Appellant avers her oral agreement with TUHS's representative to increase the severance amount implied Appellant would accept the release. Appellant asserts the trial court erred by sustaining TUHS's preliminary objections on this issue and not allowing the jury to hear evidence of the post-termination agreement. Appellant concludes she is entitled to JNOV. We disagree.

We review this issue according to the following standard of review.

A JNOV can be entered upon two bases: (1) where the movant is entitled to judgment as a matter of law and/or (2) the evidence was such that no two reasonable minds could disagree that the verdict should have been rendered for the movant. When reviewing a trial court's denial of a motion for JNOV, we must consider all of the evidence admitted to decide if there was sufficient competent evidence to sustain the verdict. In so doing, we must also view this evidence in the light most favorable to the verdict winner, giving the victorious party the benefit of every reasonable inference arising from the evidence and rejecting all unfavorable testimony and inference. Concerning any questions of law, our scope of review is plenary. Concerning questions of credibility and weight accorded the evidence at trial, we will not substitute our judgment for that of the finder of fact. If any basis exists upon which the jury could have properly made its award, then we must affirm the trial court's denial of the motion for JNOV. A JNOV should be entered only in a clear case.

*Griffin v. Univ. of Pittsburgh Med. Center-Braddock Hosp.*, 950 A.2d 996, 999 (Pa. Super. 2008) (citation omitted). "[A]bsent an abuse of discretion, the reviewing court is bound by the trial court's credibility determinations." *De Lage Landen Financial Services, Inc. v. M.B. Management Co., Inc.*, 888 A.2d 895, 898 (Pa. Super. 2005) (citation omitted).

In reviewing Appellant's motion for JNOV, the trial court found that the parties did not agree to the alleged oral contract dictating the terms of Appellant's severance. The court concluded that any contract for severance payments was explicitly conditioned on Appellant signing the release. Thus, Appellant's refusal to sign the letter providing six months of severance pay meant the contract lacked consideration, and precluded her from enforcing it. Consequently, the court did not permit Appellant's breach of contract

claim based on a post-termination oral severance agreement to proceed to the jury. The record supports the court's conclusions, and so we cannot conclude the court abused its discretion in preventing Appellant from presenting this claim to the jury, or subsequently denying Appellant's motion for JNOV. Accordingly, Appellant is due no relief on her first issue.

In her second issue, Appellant contends that three separate trial court errors entitle her to a new trial. We review Appellant's contentions that the trial court erred in denying her motion for a new trial according to the following standard of review.

"Our standard of review from an order denying a motion for a new trial is whether the trial court committed an error of law, which controlled the outcome of the case, or committed an abuse of discretion." ***Mirabel v. Morales***, 57 A.3d 144, 150 (Pa. Super. 2012) (citation omitted). "A trial court commits an abuse of discretion when it rendered a judgment that is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias, or ill will." ***Id***. (citation omitted).

Unless an error of law controls the outcome of a case, we will not reverse an order denying a new trial. ***See Lockley v. CSX Transportation***, 5 A.3d 383, 388 (Pa. Super. 2010). "[A] litigant is entitled only to a fair trial and not a perfect trial." ***Id***. at 392 (citation omitted).

First, Appellant takes umbrage at the court's omission of certain points for charge and items on the verdict sheet related to her claim of an oral severance agreement made at the time of her termination.

A jury charge is adequate "unless the issues are not made clear, the jury was misled by the instructions, or there was an omission from the charge amounting to a fundamental error." ***Tincher v. Omega Flex, Inc.***, 104 A.3d 328, 351 (Pa. 2014) (citations omitted).

However, we have already determined the court was well within its discretion to preclude the jury from evaluating Appellant's post-termination oral severance claim in its entirety. The appropriateness of jury instructions on a claim is necessarily derivative of that claim's ability to proceed to the jury in the first place. Therefore, this argument fails.

Appellant next indicates the trial court erred in directing the jury to disregard evidence at trial related to Appellant's post-termination oral severance claim. Appellant maintains this refusal to allow counsel to present evidence of the post-termination agreement in closing argument prejudiced her case and entitles her to a new trial. We disagree.

"While counsel usually has great latitude in his closing argument, he may not present facts to the jury not in evidence and which are prejudicial to the opposing party." ***Coffey v. Minwax Co., Inc.***, 764 A.2d 616, 620 (Pa. Super. 2000) (citation omitted).

Instantly, the court refused to permit Appellant's counsel to reference the post-termination oral severance agreement in closing argument. The court previously ruled that the jury would not evaluate the existence or validity of any post-termination oral severance agreement. Thus, the court properly prohibited Appellant's counsel from referring to such an agreement in closing argument.

In her third claim of error, Appellant disputes the propriety of the court's decision to allow into evidence an email between Dr. DiSesa, Appellant's supervisor, and Dr. Kaiser, the CEO of TUHS, as a business record exception to the hearsay rule.

With regard to the admissibility of evidence:

> [A] trial court has broad discretion…and is not required to exclude all evidence that may be detrimental to a party's case. Such rulings on the admission of evidence will not be overturned by this Court absent a conclusion that the law has been overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record.

***Schuenemann v. Dreemz, LLC***, 34 A.3d 94, 102 (Pa. Super. 2011).

Rule 803 of our Rules of Evidence concerns the business record exception to the hearsay rule and provides, in pertinent part, as follows.

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
>
> *       *       *
>
> **(6). Records of a Regularly Conducted Activity.** A record (which includes a memorandum, report, or data compilation in any form) of an act, event or condition if:

(A)     the record was made at or near the time by – or from information transmitted by – someone with knowledge;

(B)     the record was kept in the course of a regularly conducted activity of a "business," which term includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit;

(C)     making the record was a regular practice of that activity;

(D)     all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E)     the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

*     *     *

Pa.R.E. 803(6).

Dr. DiSesa authenticated this email as a record kept in the course of regularly conducted activity at TUHS. **See** N.T. Trial, 12/8/16, at 90. The court did not abuse its discretion in determining that such evidence was admissible under the business record exception to the hearsay rule. Moreover, contrary to Appellant's contention otherwise, multiple exhibits included in the record confirm the practices of TUHS written in Dr. Kaiser's email. The information contained in the email at most provides cumulative evidence, rather than uniquely prejudicial material as Appellant claims. Thus, Appellant is due no relief on this claim.

In Appellant's final issue, she disputes the trial court's grant of summary judgment to TUHS on her merit bonus claim. Appellant maintains the bonus was not discretionary, and its award depended solely on whether Appellant met agreed-upon performance goals. Appellant insists she met these goals and was therefore entitled to a bonus as a matter of right. Appellant asserts the trial court erred by accepting TUHS's interpretation of the word "eligible." Appellant contends her claim for a bonus should have proceeded to a jury, instead of being dismissed by the trial court on summary judgment. We disagree.

We review a decision granting summary judgment according to the following standard.

> A reviewing court may disturb the order of the trial court only where it is established that the court committed an error of law or abused its discretion. As with all questions of law, our review is plenary.
>
> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. Where the non-moving party bears the burden of proof on an issue, he may not merely rely on his pleadings or answers in order to survive summary judgment. Failure of a nonmoving party to adduce sufficient evidence on an issue essential to his case and on which it bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

*JP Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1261-62 (Pa. Super. 2013) (citation omitted).

Instantly, Appellant misconstrues the phrase "eligible" to mean "mandatory." Appellant's initial offer letter from TUHS states: "You will be eligible for a performance based bonus of up to 15% of your salary." Defendants' Motion for Summary Judgment, Ex. 6, filed 4/17/15. Appellant confirmed this precise phrasing in her response to TUHS's motion for summary judgment. *See* Plaintiff's Response to Defendants' Motion for Summary Judgment and Plaintiff's Counterstatement of Facts, filed 5/20/15, at 3. Even viewed in the light most favorable to Appellant as the non-moving party, we simply cannot give credence to Appellant's seemingly willful misinterpretation of the offer letter.

Moreover, Appellant's own conduct belies her alleged interpretation of the document. TUHS gave Appellant a bonus of 10% of her salary in her second year. When Appellant questioned why she was not given a bonus of 15%, her supervisor informed her that the bonus was discretionary, and *up to* 15% of her salary. *See* Defendants' Memorandum of Law in Opposition to Plaintiff's Petition for Extraordinary Relief, Ex. 2, at 1. Appellant did not object or seek further review at that time. Appellant's attempt to raise this issue now rings hollow. Accordingly, we deny Appellant relief on this issue.

Judgment affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/31/2017