J-A22010-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MICHAEL HENNESSEY AND LINDA HENNESSEY | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | No. 905 EDA 2019 |
| WILLIAM C. MOYER AND JUDITH L. MOYER H/W | : | |

Appeal from the Judgment Entered April 15, 2019
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2016-11704

BEFORE: MURRAY, J., STRASSBURGER, J.*, and PELLEGRINI, J.*

MEMORANDUM BY MURRAY, J.:       **FILED OCTOBER 02, 2019**

In this personal injury action, Michael Hennessey and Linda Hennessey

(Appellants) challenge the trial court's denial of post-trial relief. Upon review,

we affirm.

The trial court summarized:

> [Appellants] brought this action against Defendants William
> C. Moyer and Judith L. Moyer for personal injuries that Mr.
> Hennessey sustained [in 2015] when he slipped and fell on ice in
> the street in front of his house in New Hanover Township.
> [Appellants] asserted that the ice originated from water
> discharged from a sump pump in the Moyers' house, through a
> drainpipe emptying onto the curbside. The Moyers had installed
> the drainpipe in the early 1990's. [Appellants] maintained that
> water from the pipe then flowed to their own property, located
> several houses downhill, where it froze and became the ice that
> caused Mr. Hennessey's fall. A jury trial was held on November

_____

* Retired Senior Judge assigned to the Superior Court.

13-15, 2018, and resulted in a verdict for [the Moyers], based on a jury finding that they were not negligent.

Trial Court Memorandum and Order, 2/27/19, at 1.

After three days of trial, the jury rendered their verdict in favor of the Moyers. On November 26, 2018, Appellants filed a motion for post-trial relief in which they claimed the trial court erred by sustaining the Moyers' objection to the introduction of a portion of videotape deposition testimony from Hanover Township Director of Code Enforcement, James Wozniak. Appellants specifically claimed that Mr. Wozniak's testimony about his review of Mr. Moyer's file was relevant to Mr. Moyer's testimony that he had a conversation in the early 1990s with the Director of Code Enforcement at that time, Mr. Hank Clemmer. The Moyers filed an answer to Appellants' post-trial motion on January 31, 2019. The trial court scheduled oral argument for February 11, 2019. By memorandum and order dated February 27, 2019 and docketed February 28, 2019, the trial court denied Appellants' post-trial motion. Appellants filed this appeal on March 6, 2019.[1] Appellants and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

_____

[1] On April 12, 2109, this Court issued upon Appellants a rule to show cause, observing that "final judgment has not been entered on the trial court docket as required by Pa.R.A.P. 301", and citing **Fanning v. Davne**, 795 A.2d 388 (Pa. Super. 2002), **appeal denied**, 825 A.2d 1261 (Pa. 2003) (appeal properly lies from judgment entered following trial court's disposition of post-trial motions). We directed Appellants to praecipe the trial court prothonotary to enter judgment, stating that "[u]pon compliance with Pa.R.A.P. 301, the notice of appeal previously filed in this case will be treated as filed after the entry of judgment. **See** Pa.R.A.P. 905(a)(5)." Appellants praeciped for

Appellants present a single issue on appeal:

> Whether the [trial c]ourt should have permitted Appellants to present the entire testimony of James Wozniak including his review of [the Moyers'] file with New Hanover Township and his letter to [the Moyers], where the testimony was relevant, [the Moyers] failed to raise a timely objection thereby constituting a waiver of same, and the preclusion of said evidence was highly prejudicial to Appellants.

Appellants' Brief at 4.

As stated by Appellants, this case arises "from a slip and fall on black ice," allegedly "due to run off from an improper and un-permitted drain system" on the Moyers' property.  Complaint, 6/10/16, at 1.  Prior to trial, the Moyers filed a motion *in limine* to preclude evidence based on relevance and risk of prejudice.  The court explained:

> The Motion included a request to preclude [Appellants] from making any reference to codes, ordinances, and regulations of New Hanover Township that were not in effect at the time that the Moyers' drainpipe was installed [in the early 1990s].  In their Answer to the Motion in Limine, [Appellants] stated that they "do not intend on introducing any evidence regarding references to New Hanover Township Codes, Ordinances and Regulations not in effect at the time of the installation of the sump pump and drain."  At the outset of trial, at oral argument on the motion, [Appellants'] counsel confirmed this position, and the Court therefore entered an Order dismissing the Motion as moot.

Memorandum and Order, 2/27/19, at 2 (record citations omitted).

---

judgment, which was entered on April 15, 2019.  Consistent with Pa.R.A.P. 905(a)(5), we treat Appellants' appeal as "filed after the entry of judgment."

At trial, Appellants' counsel called Mr. Moyer to testify as on cross. N.T., 11/14/18, at 3. Mr. Moyer testified that sometime around 1991, he put an addition on his home, ran a drain pipe, and installed a sump pump. *Id.* at 15. He obtained a permit for the addition, but not for the drain because "there was none required." *Id.* He testified to having a conversation during that time with Mr. Clemmer, who was the Director of Code Enforcement for Hanover Township at the time. Mr. Moyer testified:

> If I got a permit for building the family room addition, and we were going to try to resolve the water problem, I had to insure that I was having, getting what was required for the township, yes. So yes, that was a question I posed to Mr. Clemmer at the time.

*Id.*

Appellants' counsel asked Mr. Moyer:

> Q. Okay. And is Mr. Clemmer going to be here to testify about him saying to you that this was fine, you didn't need a permit?
>
> A. I don't believe he's on the list anywhere that I'm aware of.

*Id.* at 15-16.

After Appellants' counsel finished questioning Mr. Moyer, the court advised the jury that Appellants "have rested," and turned to the Moyers' counsel, who called Mr. Moyer on direct. *Id.* at 23. Mr. Moyer testified that he did not obtain a permit for the sump pump drain and he did not believe he needed one. *Id.* at 38. His counsel asked:

> Q. So let's talk about, you have made the decision now to move your sump pump drain, correct?
>
> A. Yes.

Q.    Did you consult with the township?

A.    I actually did.

Q.    Did you speak to Mr. Clemmer, Hank Clemmer?

A.    I spoke with him at the time period same proximity of when the building permit was obtained for the building addition and the inspections that were going on. Actually, it was the building permit was issued, he had to come out and do inspections. That is when the neighbor gave his concerns, asked about addressing some of the water flow that was going to his property. So that's what got the ball moving.

*Id.* at 36-37.

At that point, the court was aware of the Moyers' objection to Mr. Wozniak's deposition testimony about his review of the township file; the court called counsel to sidebar, and stated the court's concern that Mr. Moyer's counsel was "opening the door to more testimony regarding the absence of any record of a conversation between Mr. Moyer and Mr. Clemmer." N.T., 11/14/18, at 37. The court asked Mr. Moyer's counsel if he "needed to go there?" and counsel answered that he did not. *Id.* The court then stated: "If it is repeated I think you will be opening the door." *Id.* Counsel then indicated that he would "move on" and continued with questioning unrelated to communication between Mr. Moyer and Mr. Clemmer. Mr. Moyer reiterated that in the early 1990s he did not obtain a permit to move the sump pump drain, and he did not need one. *Id.* at 38.

Following Mr. Moyer's testimony, the parties' counsel — before the trial court but outside the presence of the jury — argued about the admission of

the videotaped deposition testimony of Mr. Wozniak. Appellants sought to introduce Mr. Wozniak's testimony that he looked at a file concerning the improvements Mr. Moyer made to his property in the early 1990s, and that Mr. Wozniak did not see anything indicating that Mr. Moyer had a conversation with the former Director of Code Enforcement, Mr. Clemmer. Appellants' counsel stated, "it is simply Mr. Wozniak saying I checked the file and there is nothing there." N.T., 11/14/18 (afternoon), at 3.[2] The conversation continued:

> THE COURT: Is it your position as a matter of law that a permit application was required back at the time the drain pipe was installed?
>
> APPELLANTS' COUNSEL: I don't know, Your Honor, and I don't think it is relevant. Relevant as to whether or not there is a violation or a need for a permit, it is simply establishing that [Mr. Moyer] never sought out a permit.
>
> THE COURT: How is it relevant if a permit was not required? I mean he also didn't apply to the Army Corps of Engineers but who cares?

*Id.*

Appellants' counsel stated that Mr. Wozniak never testified that a permit was required in the early 1990s. *Id.* at 4. Counsel further asserted that the Moyers never objected to Mr. Wozniak's testimony. *Id.* at 5. The court responded that deposition objections "are reserved, you know, under the rules." *Id.* The court and the parties proceeded to parse through Mr.

---

[2] There are two separate trial transcripts for November 14, 2018.

Wozniak's deposition testimony. With regard to which parts were admissible, the court determined:

> Well, so far I haven't seen any admissible testimony other than [Mr. Wozniak's] background and the investigation that he did, which is irrelevant if we are not going to hear something about a permit violation, or that a permit was not applied for but was required or something of that nature.

N.T., 11/14/18 (afternoon), at 12.

Appellants' counsel continued to argue:

> Your Honor, the importance of this testimony is it goes to corroborate whether or not Mr. Moyer had a conversation with Mr. Clemmer. Because Mr. Wozniak in his testimony is saying I went back and reviewed the file to see whether there was a permit or some other form of approval. And he says I went back and looked at the address file and there was no other form of approval.
>
> If there was a conversation with Mr. Clemmer and there was something in the file it leaves it open to question what was there. And this testimony is important because it establishes Mr. Wozniak in his position as code enforcement officer went back to look and see was there something else and found nothing. Which would potentially contradict what Mr. Moyer said about I had a conversation with Hank Clemmer.
>
> THE COURT: Which presumes that a conversation of the type that Mr. Moyer testified to would have been documented in a file by Mr. Clemmer.
>
> APPELLANT'S COUNSEL: Exactly. . . .

*Id.* at 14-15.

The Moyers' counsel countered, "there is no evidence that Mr. Clemmer was required to document his conversation. So the fact that he did not document it in the file does not rise to the level of it did not occur." *Id.* at 15-16. Defense counsel continued, "My response to that is if there is nothing

that is required to be there, then the fact that it is not there doesn't prove anything." *Id.* at 18.  The court then addressed Appellants' counsel:

> You are contesting the testimony that Mr. Moyer spoke with Mr. Clemmer back in the early nineties and said, hey, Hank, do I need a permit for this, and Mr. Clemmer said no.  And you want to question that testimony without showing that a permit was in fact required.  In other words, if a permit wasn't required, what difference does it make what Mr. Clemmer told him?  In fact what Mr. Clemmer allegedly told him was right.  If he never got that advice from Mr. Clemmer, what difference does it make, given the absence of an ordinance applicable in the early nineties?
>
> APPELLANT'S COUNSEL:     The issue about what was sought after, what steps he took, what investigation he did, those are all at issue in this case.  As to what he did or not do in investigating whether or not he needed to do this.  The issue isn't whether or not he needed a permit; the issue is did he inquire about it.
>
> THE COURT:     All right.  I remain unconvinced on this particular point.  So let's move forward.

N.T., 11/14/18 (afternoon), at 19-20.

The court sustained the Moyers' objection, and the trial proceeded.  On November 15, 2018, the jury rendered their verdict in favor of the Moyers.  Appellants filed a post-trial motion seeking a new trial on the basis that the trial court improperly excluded Mr. Wozniak's testimony.  Appellants averred:

> The jury only had the opportunity to hear Mr. Moyer's testimony that he asked somebody about his drainage system, without hearing the opposing evidence that there was nothing in the file indicating that such a conversation occurred.
>
> Similarly, the fact that Mr. Wozniak did not see anything in the file has a tendency to make it less likely that such a conversation occurred, even if it is not conclusive either way.

Appellants' Motion for Post-Trial Relief, 11/26/18, at 4.

As noted, the trial court denied the motion in a memorandum and order dated February 27, 2019, and Appellants filed this appeal in which they continue to argue that the trial court erred in precluding the introduction of Mr. Wozniak's deposition testimony. Appellants maintain that Mr. Wozniak's testimony was relevant to their negligence claim, and the Moyers waived any objection to the admission of the testimony because they did not object at the deposition. Appellants claim the court's preclusion of evidence caused substantial prejudice and they are therefore entitled to a new trial.

Conversely, the Moyers contend they "properly and timely objected" to Mr. Wozniak's testimony when he was deposed. Moyers' Brief at 9-10. They further argue that the trial court properly excluded the disputed testimony because it was not relevant, given that "Mr. Wozniak's testimony on the issue of Mr. Moyer's property file had little, if any, probative value in this case," and "Appellants were unable to establish that had the conversation occurred a record would have been created." *Id.* at 9. Thus, the Moyers assert that Appellants were not prejudiced.

We begin with our agreement that the Moyers did not waive their objection to the introduction of Mr. Wozniak's deposition testimony at trial. Mr. Wozniak was deposed the day before trial, and the notes of his testimony span 20 pages, approximately 15 of which are direct examination by Appellants' counsel. Notably, the Moyers' counsel objected approximately 7 times. *See* Deposition, 11/12/18, at 8, 10, 11, 12, 15, 16 and 19. With each objection by the Moyers' counsel, the videographer would state "Going off the

video record." *Id.* Thus, the details of the Moyers' objections are unknown, although we conclude from the context of Mr. Wozniak's testimony and the Moyers' objections that timely objections to Mr. Wozniak's review of the Moyers' file were made.

Further, and as noted by the trial court, Pennsylvania Rule of Civil Procedure 4016 addresses depositions and objections, stating:

Objections to the competency of a witness or to the competency, **relevancy**, **or materiality** of the testimony are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which was known to the objecting party and which might have been obviated or removed if made at that time.

Pa.R.C.P. 4016(b) (emphasis added).

We have explained:

Under Rule 4016(b), objections to the competence, relevance, or materiality of testimony "are not waived by failure to make them before or during the taking of the deposition, unless the ground of the objection is one which was known to the objecting party and which might have been obviated or removed if made at that time." Pa.R.C.P., Rule 4016(b), 42 Pa.C.S.A. . . . Subject to the provisions of Rule 4016(b), "objection may be made at trial or hearing to receiving in evidence any deposition or part thereof for any reason which would require the exclusion of the evidence if the witness were then present and testifying." *Id.,* Rule 4020(c).

*Sprague v. Walter*, 656 A.2d 890, 905–06 (Pa. Super. 1995).

Here, the trial court opined that the Moyers' objection to the relevance of Mr. Wozniak's testimony "could not have been 'obviated' or 'removed' at the deposition." Trial Court Memorandum and Order, 2/27/19, at 6-7. We

discern no basis upon which to find that the Moyers waived their right to object to the introduction of Mr. Wozniak's deposition testimony.

Next, we address Appellants' argument that the trial court erred in precluding the introduction of Mr. Wozniak's testimony because it was relevant to their claim of the Moyers' negligence, such that Appellants are entitled to a new trial.

We have stated:

> [O]ur standard of review when faced with an appeal from the trial court's denial of a motion for a new trial is whether the trial court clearly and palpably committed an error of law that controlled the outcome of the case or constituted an abuse of discretion. In examining the evidence in the light most favorable to the verdict winner, to reverse the trial court, we must conclude that the verdict would change if another trial were granted. Further, if the basis of the request for a new trial is the trial court's rulings on evidence, then such rulings must be shown to have been not only erroneous but also harmful to the complaining parties. Evidentiary rulings which did not affect the verdict will not provide a basis for disturbing the jury's judgment. . . .
>
> Moreover, the admission or exclusion of evidence is within the sound discretion of the trial court. In reviewing a challenge to the admissibility of evidence, we will only reverse a ruling by the trial court upon a showing that it abused its discretion or committed an error of law.

*Schuenemann v. Dreemz, LLC*, 34 A.3d 94, 98–99 (Pa. Super. 2011) (citation omitted).

Although Appellants insist that Mr. Wozniak's excluded testimony should have been admitted because it "spoke directly to whether the allegations of the [Moyers'] conduct was more or less probable," Appellants' Brief at 14,

- 11 -

there is no record support for this claim. The trial court — succinctly and astutely — opined:

> On review of the record, the Court concludes that [the Moyers'] objections at trial were properly sustained. The entire thrust of Mr. Wozniak's testimony—that the Moyers did not apply for a permit when they installed the drainpipe in the early 1990's and that the drainpipe was in violation of ordinances adopted in 2006—was plainly improper in the absence of any showing (a) that a permit was required at the time the pipe was installed or (b) that the 2006 ordinances applied retroactively to preexisting land uses. Moreover, the offer of such testimony was inconsistent with [Appellants'] assurance, in response to [the Moyers'] Motion in Limine, that they would not introduce testimony of codes, ordinances, and regulations of New Hanover Township that were not in effect at the time that the Moyers' drainpipe was installed.

Memorandum and Order, 2/27/19, at 7 (footnote omitted).

The above reasoning refutes Appellants' contentions that the evidence was relevant, and the preclusion of the evidence was prejudicial. Upon review, we find no reversible error by the trial court.

> "To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party. For evidence to be admissible, it must be competent and relevant. Evidence is competent if it is material to the issue to be determined at trial. Evidence is relevant if it tends to prove or disprove a material fact." *American Future Systems, Inc. v. BBB*, 872 A.2d 1202, 1212 (Pa. Super. 2005). *See* Pa.R.E., Rule 401 ("Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.") "Relevant evidence is admissible if its probative value outweighs its prejudicial impact. The trial court's rulings regarding the relevancy of evidence will not be overturned absent an abuse of discretion." *American Future Systems, Inc.*, 872 A.2d at 1212. "A party suffers prejudice when the trial court's error could have affected the verdict." *Gaudio v. Ford Motor Co.*, 976 A.2d 524, 535 (Pa. Super. 2009).

***Schuenemann v. Dreemz, LLC***, 34 A.3d at 101.

Mindful of the foregoing, we conclude that neither prevailing legal authority nor the record support Appellants' claim of trial court error. Accordingly, we affirm the judgment in favor the Moyers.

Judgment affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/2/19