J-S84032-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE COMPANY, SUCCESSOR TO JP MORGAN CHASE BANK, N.A. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| MATTHEW DUNLEAVY | |
| Appellant | No. 235 EDA 2016 |

Appeal from the Judgment Entered February 17, 2016
in the Court of Common Pleas of Delaware County Civil Division
at No(s): 13-11543

BEFORE: OLSON, SOLANO, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED APRIL 19, 2017**

Appellant, Matthew Dunleavy, appeals from the *in rem* judgment entered in the Delaware County Court of Common Pleas after the trial court entered a decision in favor of Appellee, Federal National Mortgage Company, in this mortgage foreclosure action. Appellant contends that the trial court erred by admitting several exhibits into evidence without proper authentication. We affirm.

The trial court summarized the facts and procedural posture of this case as follows:

> James F. Reilly, III executed and delivered a mortgage upon property known as 4026 Taylor Avenue, Upper Darby Township, Drexel Hill, Pennsylvania 19026 ("the property") to Mortgage Electronic Registration Systems, Inc.

---

[*] Former Justice specially assigned to the Superior Court.

("MERS"), as nominee for PHH Mortgage Corp., on or about June 15, 2007, which is recorded in the Office of the Recorder of Delaware County in Mortgage Book 4143, Page 2261. Said mortgage secured a promissory note in favor of PHH Mortgage Corp. executed by Mr. Reilly on the same date in consideration of a loan in the amount of one hundred fifty-five thousand dollars ($155,000.00). MERS assigned the mortgage on the property to JP Morgan Chase Bank, N.A. on February 10, 2012, which assignment was recorded on February 24, 2012 in the Office of the Recorder of Delaware County in Mortgage Book 05072, Page 1347. JP Morgan Chase Bank, N.A. thereafter assigned the mortgage on the property to [Appellee], Federal National Mortgage Association, on March 15, 2014, which assignment was recorded on April 28, 2014 in the Office of the Recorder of Delaware County in Mortgage Book 06487, Page 2096.

On September 15, 2010, the Tax Claim Bureau of Delaware County sold the property to Tri State Properties, Inc. at an upset tax sale. The Tax Claim Bureau issued Tri State Properties, Inc. a deed on February 4, 2011, which was recorded in the Office of the Recorder of Delaware County in Deed Book 4888, Page 1029. Tri State Properties, Inc. transferred the property to [Appellant] by Deed dated June 20, 2012, which is recorded in the Office of the Recorder of Delaware County in Deed Book 5153, Page 1599. [Appellant] is the last record owner of the property.

JP Morgan Chase Bank, National Association ("JP Morgan") initiated the instant mortgage foreclosure action against Tri State Properties, Inc. ("Tri State") on November 20, 2013 with the filing of a complaint. Tri State filed an answer with new matter to the complaint on January 9, 2014 asserting that they were no longer record owners of the subject property. A stipulation between JP Morgan and Tri State was filed on February 10, 2014 to allow for the filing of an amended complaint. JP Morgan filed an amended complaint on March 12, 2014 naming [Appellant] as the sole defendant in the action. [Appellant] filed an answer with new matter on June 23, 2014 containing only general denials and claims of lack of knowledge. JP Morgan filed a reply to [Appellant's] new

matter on June 30, 2014. Thereafter, JP Morgan filed a motion for summary judgment, which was denied by Order dated December 29, 2014. [Appellee] substituted itself for JP Morgan as the plaintiff in this matter on December 30, 2014.

Trial was held on March 11, 2015 and [Appellant] objected to the admission of certain exhibits offered by [Appellee], including an account activity statement (Ex. P-7), a payment history for the escrow account associated with the mortgage (Ex. P-8), billing statements from [Appellee's] attorney (Ex. P-9), a breakdown of judgment figures sought by [Appellee] (Ex. P-10), and a limited power of attorney authorizing Seterus, Inc. to act on behalf of [Appellee] (Ex. P-11).[1] Both parties submitted post-trial briefs on the admissibility of the exhibits. An Order was entered on July 27, 2015 admitting the exhibits into evidence. The parties then filed proposed findings of fact and conclusions of law and, subsequently, a Decision was entered on August 27, 2015 in favor of [Appellee] and against [Appellant] for *in rem* mortgage foreclosure in the amount of two hundred fifty thousand, eight hundred dollars and fifty-five cents ($250,800.55). [Appellant] filed a post-trial motion on September 10, 2015 arguing that it was error to admit [Appellee's] exhibits into evidence. [Appellant's] motion was denied by [o]rder dated December 14, 2015 and [Appellant] filed his notice of appeal on January [26], 2016.[2]

---

[1] At trial, Appellee presented the testimony of Kevin Foster, a representative of Seterus, Inc., the servicing agent for Appellee. Mr. Foster testified regarding exhibits, including the various business records maintained by Seterus and other account records regarding the mortgage at issue. N.T. 3/11/15, at 20-37. Mr. Foster admitted that Seterus had only begun serving the instant loan in 2012 but provided testimony regarding how the business records of other providers were verified and incorporated into the Seterus records. ***Id.***

[2] Appellant prematurely filed his appeal from the December 14, 2015 order denying his post-trial motion. ***See Brown v. Phila. Coll. of Osteopathic Medicine***, 760 A.2d 863, 865 n.1 (Pa. Super. 2000) (stating appeal does not properly lie from order denying post-trial motions, but rather upon judgment entered following disposition of post-trial motions). The trial court,

J-S84032-16

Trial Ct. Op., 3/22/16, at 1-3.

Appellant filed a timely Pa.R.A.P. 1925(b) statement of errors complained of on appeal and the trial court filed a responsive opinion.

Appellant raises the following single issue for our review:

> Did the trial court err in awarding judgment in favor of [Appellee] notwithstanding [Appellant's] trial objections to Exhibits P-7 through P-11 and testimony related thereto, where those third party records constituted pure hearsay and were never properly authenticated?

Appellant's Brief at 5.

Appellant contends that the trial court erred by admitting trial exhibits consisting of mortgage payment histories generated by MERS and JP Morgan, the past servicers of the loan at issue. Appellant avers that because Appellee did not provide any testimony from representatives of MERS or JP Morgan, the exhibits in question were not properly authenticated and constituted inadmissible hearsay. Likewise, Appellant argues that Mr. Foster's testimony regarding Seterus' records was insufficient to authenticate the prior mortgage records because he did not have personal knowledge as to how the records were generated or kept by either MERS or

---

however, subsequently entered judgment on February 17, 2016. Thus, we will consider Appellant's appeal as filed after the entry of judgment. *See* Pa.R.A.P. 905(a)(5); ***Johnston the Florist, Inc. v. TEDCO Constr. Corp.***, 657 A.2d 511, 513 (Pa.Super. 1995) (*en banc*) (stating that "jurisdiction in [the] appellate courts may be perfected after an appeal notice has been filed upon the docketing of a final judgment").

- 4 -

JP Morgan. To this end, Appellant relies on this Court's decisions in *Commonwealth Financial Systems, Inc. v. Smith*, 15 A.3d 492 (Pa. Super. 2011), and *U.S. Bank, N.A. v. Pautenis*, 118 A.3d 386 (Pa. Super. 2015), for the proposition that the mortgage records should have been authenticated by the parties directly responsible for their creation and maintenance. No relief is due.

We begin by noting our narrow standard of review regarding the admission of evidence:

> Admission of evidence is within the sound discretion of the trial court and a trial court's rulings on the admission of evidence will not be overturned absent an abuse of discretion or misapplication of law. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.
>
> To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party. . . . A party suffers prejudice when the trial court's error could have affected the verdict.

*Schuenemann v. Dreemz, LLC*, 34 A.3d 94, 100-01 (Pa. Super. 2011) (citations and internal quotations omitted); *see also B & L Asphalt Indus., Inc. v. Fusco*, 753 A.2d 264, 270-71 (Pa. Super. 2000) ("[a]n evidentiary ruling which [does] not affect the verdict will not provide a basis for disturbing the fact-finder's judgment.") (citation and some punctuation omitted)).

Regarding hearsay and business records, this Court has previously explained:

> "Hearsay" is an out of court statement offered in court for the truth of the matter asserted. Pa.R.E. 801(c). A writing constitutes a "statement" as defined by Rule 801(a). *See* Pa.R.E. 801(a). Subject to certain exceptions, hearsay is inadmissible at trial. Pa.R.E. 802. One such exception is contained in Rule 803(6), which permits the admission of a recorded act, event or condition if:
>
> > (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;
> >
> > (B) the record was kept in the course of a regularly conducted activity of a "business", which term includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit;
> >
> > (C) making the record was a regular practice of that activity;
> >
> > (D) all these conditions are shown by the testimony of the custodian or another qualified witness or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
> >
> > (E) neither the source of information nor other circumstances indicate a lack of trustworthiness.
>
> Pa.R.E. 803(6) []. Furthermore, the Uniform Business Records as Evidence Act states:
>
> > A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the tribunal, the sources of information, method and

time of preparation were such as to justify its admission.

42 Pa.C.S.A. § 6108(b). "As long as the authenticating witness can provide sufficient information relating to the preparation and maintenance of the records to justify a presumption of trustworthiness for the business records of a company, a sufficient basis is provided to offset the hearsay character of the evidence." *Boyle v. Steiman*, [] 631 A.2d 1025, 1032-33 [Pa. Super.] 1993) (internal citations omitted), *appeal denied*, [], 649 A.2d 666 (Pa. 1994).

*U.S. Bank, N.A.*, 118 A.3d at 401.

Further, it is beyond cavil that the holder of a mortgage is entitled to judgment as a matter of law where "the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount." *Bank of America N.A., v. Gibson*, 102 A.3d 462, 465 (Pa. Super. 2014) (citation omitted). It is also well settled that general denials constitute admissions in mortgage foreclosure actions. *Id.* at 466-67; *see also* Pa.R.C.P. 1029(b). Moreover, "general denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing [on the mortgage] must be considered an admission of those facts." *U.S. Bank, N.A.*, 118 A.3d at 396 (citations omitted).

In the case *sub judice*, the trial court determined that Mr. Foster's testimony was credible and sufficient to authenticate the exhibits in question for purposes of the business records exception to the hearsay rule. *See U.S. Bank, N.A.*, 118 A.3d at 401. Mr. Foster testified regarding Seterus's

"loan boarding team" and "data integrity group." N.T. at 20-21. According to Mr. Foster, Seterus personnel in these groups were charged with verifying the payment history of loans previously serviced by other institutions. *Id.* Further, Mr. Foster explained that after the loan histories are properly verified, Seterus maintains the records through the normal course of business. *Id.* at 28-29. When concluding that the records in question were admissible, the trial court emphasized Mr. Foster's personal familiarity with the creation and maintenance of the records after April 2012, and also his testimony regarding the procedure for the verification of the loan payment records created prior to that date. The trial court determined that Mr. Foster was qualified to testify as to the reliability of the records. We discern no reason to disturb the trial court's credibility findings. *See Schuenemann*, 34 A.3d at 100-01.

Further, we find Appellant's reliance on *Commonwealth Financial Systems* and *U.S. Bank, N.A.* to be unavailing. Although this Court affirmed the exclusion of similar evidence in both cases, the instant case is factually distinguishable.

In *Commonwealth Financial Systems*, we considered whether the trial court acted within its discretion by barring the admission of previously generated account statements regarding credit card debt as hearsay. We specifically declined "to adopt the federal 'rule of incorporation[,]' which provides that the record a business takes custody of is 'made' by [an

acquiring] business" for purposes for the business records exception to the hearsay rule. ***Commonwealth Financial Systems***, 15 A.3d at 496 (citation and footnote omitted). We held that the trial court properly concluded that the testimony of the sole authenticating witness was not sufficiently reliable to establish that the records from different financial institutions were trustworthy. ***Id.*** at 499-500. The trial court, in that case, emphasized mistakes and inconsistencies in the evidence presented. ***Id.*** Specifically, the court found that factual mistakes belied "the integrity" of the evidence and this Court affirmed, reiterating that the trial court is "in the best position to determine the trustworthiness of . . . the evidence." ***Id.*** at 499. In this case, the trial court found Mr. Foster's testimony to be reliable regarding the business records in question, and we recognize that the trial court was in the best position to make this credibility determination. ***See id.***

Furthermore, in ***U.S. Bank, N.A.***, we held that the defendant in a foreclosure action could successfully dispute allegations of default, where the defendant could credibly testify that she had made all payments in a timely fashion and where there was an inexplicable increase in the amount owing on the loan. ***U.S. Bank, N.A.***, 118 A.3d at 396-97. We also affirmed the trial court's determination that the loan servicer's documentary evidence was untrustworthy and incomplete because of discrepancies in these records, and because the only authenticating witness had no knowledge of the previous loan servicer's business practices. ***Id.*** at 401. In contrast, in this case, the

trial court found the evidence in question to be trustworthy and Appellant did not present any evidence of discrepancies. Thus, we conclude that *U.S. Bank, N.A*, is factually distinguishable from the instant case. Accordingly, we conclude that the trial court did not abuse its discretion by finding that the evidence in question was sufficiently reliable to be admitted pursuant to the business records exception to the hearsay rule.

Moreover, even if the admission of the exhibits in question was erroneous, the error did not affect the verdict. *See B & L Asphalt Indus., Inc.*, 753 A.2d at 270-71. As noted by the trial court, Appellee was entitled to judgment as a matter of law due to Appellant's admissions of default:

> [Appellee's] standing was established with the uncontested admission of the note, the recorded mortgage and the recorded assignments of the mortgage. Default under the mortgage was established by [Appellant's] failure to admit or deny the allegation in the [c]omplaint that monthly payments had not been received pursuant to the terms of the mortgage since May 2, 2010. Default was also established by [Appellant's] specific admission that the mortgage was in default as of May 2010.
>
> Finally, the amount of damages was established by [Appellant's] failure to deny the allegation in the [c]omplaint itemizing the damages with specificity. It is well settled that merely denying such allegations without specificity or claiming a lack of information sufficient to form a belief as to their truth must be considered an admission to those facts. Furthermore, even if [Appellant] is not deemed to have admitted the amount of damages, they are established by [Appellant's] admission of the date of default, the terms of the mortgage and the note, the lack of a record of any payments on the account activity statements, and the record of payments made by [Appellee] after they acquired the mortgage. Taken together, this evidence establishes a lack of payment since

> May 1, 2010, the amount of the past due and owing monthly payments since that default, including principal, interest and escrow, the late charge due and the amount paid by [Appellee] pursuant to the terms of the mortgage. Therefore, as of the date of trial, [Appellant] was entitled to judgment as a matter of law.

Trial Ct. Op. at 5-6 (citations omitted).

We concur with the trial court's conclusion that Appellee was entitled to judgment as a matter of law. *See Bank of America N.A.*, 102 A.3d at 465; Pa.R.C.P. 1029(b). Accordingly, Appellant's argument on appeal must fail, and we affirm the trial court's decision.

Judgment affirmed. Application to file post-submission communication denied. [3]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/19/2017

---

[3] Appellant filed an application for leave to file post-trial submission communication, and Appellee filed an answer thereto. In his application, Appellant seeks a remand in order to present additional information regarding his potential eligibility to participate in a class action award against Seterus for overcharging mortgagors in the context of lender placed insurance. Appellee responds that Appellant has not established that he would be entitled to relief under this class action and even if he did, he could still recover regardless of the outcome of this case. We agree with Appellee in that we conclude that the class action is not relevant to the issue presented on appeal, as Appellant failed to present any evidence challenging the accuracy of the exhibits at trial. Therefore, we deny Appellant's application for remand.