J-A15016-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| VALLEY FORGE MILITARY ACADEMY AND COLLEGE | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| WILLIAM O'BRIEN | : | |
| | : | |
| | :: | |
| APPEAL OF: WILLIAM O'BRIEN | : | No. 2814 EDA 2018 |

Appeal from the Judgment Entered September 4, 2018
In the Court of Common Pleas of Delaware County
Civil Division at No(s): CV-2016-001174

BEFORE:  BENDER, P.J.E., GANTMAN, P.J.E., and COLINS*, J.

MEMORANDUM BY GANTMAN, P.J.E.:  **FILED DECEMBER 10, 2019**

Appellant, William O'Brien, appeals from the judgment entered in the Delaware County Court of Common Pleas in favor of Appellee, Valley Forge Military Academy and College ("VFMA"), following VFMA's supplemental petition for attorneys' fees resulting in a molded verdict and judgment of $50,851.21 in this breach of contract action.  We affirm.

The relevant facts and procedural history of this case are as follows:

> VFMA is a private, non-profit, education institution located in Wayne, Pennsylvania.  [Appellant] is an attorney and the father of Gavin O'Brien ("Gavin"), who enrolled as a cadet at VFMA in August 2014.  In the course of enrollment, VFMA and [Appellant] entered into several written agreements concerning Gavin's conduct and [Appellant's] financial responsibility for payment of tuition and fees.  Those agreements included a Billing and Payment Contract ("Contract") executed on or about August 1, 2014.  The Contract sets forth, in pertinent part that the cadet:
>
> will be subject to abide by the prevailing rules and

_____
*  Retired Senior Judge assigned to the Superior Court.

regulations as stated in the VFMA publication, The Guidon;

may from time to time be subject to blood, urine, and/or hair follicle screening and/or other testing for substance (drug and/or alcohol) use, both on a random and on a suspicion-of-use basis;

was subject to immediate dismissal by the President, if it is determined that the [cadet] has committed an immoral and/or criminal act or other serious offense, or violated prevailing rules and regulations including, but not limited to, regulations regarding substance (alcohol/illegal substance) use and/or possession.

VFMA reserves the right to dismiss or not re-enroll a Cadet if the Administration reasonably concludes that the actions of the Cadet or the parents/Guardians interfere with establishing and maintaining a positive and constructive relationship or otherwise seriously interferes with the accomplishment of the VFMA Mission.

The Contract further provides that [Appellant] agreed to pay for education-related expenses for Gavin's enrollment at VFMA in accordance with VFMA's Billing and Payment Policies. The Contract also includes the following provision: "VFMA shall be entitled to reimbursement of its costs and reasonable counsel fees in any such litigation in which VFMA is the substantially-prevailing party."

Two months after enrolling in VFMA, on November 8, 2014, Gavin and another cadet were involved in activity resulting in twenty-one criminal (21) charges being lodged against them, including alcohol-related charges. On November 24, 2014, VFMA informed [Appellant] that it had conducted a disciplinary board hearing concerning Gavin's actions and Gavin received punishment including placement on the Conduct Probation List, a recommendation for dismissal pending further information, and an out-of-school suspension. VFMA also notified [Appellant] that "violation of any of the terms of probation will be justification for automatic dismissal."

Approximately six weeks later, VFMA tested Gavin for substance/alcohol abuse. That test returned a positive result for marijuana and amphetamines, constituting violations of VFMA's substance abuse policy as well as the conditions of Gavin's probationary status. Shortly after he tested positive on the drug screen, VFMA dismissed Gavin. [Appellant] appealed the decision to dismiss. VFMA rejected the appeal and provided [Appellant] with a transcript of the courses Gavin had successfully completed and for which he had received credit.

On April 14, 2015, VFMA sent the first of three statements seeking the unpaid balance of tuition and fees totaling $7,329.40. When those Statements were not paid, VFMA filed a Complaint against [Appellant] seeking the unpaid balance. In the Complaint VFMA alleged that [Appellant] was in breach of the Contract by not paying the remainder of the fees for Gavin. VFMA attempted service on [Appellant] at least four times, and finally sought alternative service from this [c]ourt. On August 29, 2017, [Appellant] responded to the Complaint, and counter-claimed against VFMA, alleging unjust enrichment for approximately $20,000.00 in tuition for the second semester that [Appellant] had paid.

The parties submitted this matter to arbitration on December 7, 2017. The arbitration panel found in favor of VFMA and awarded $8,684.86 in damages to VFMA. [Appellant] appealed this award on January 9, 2018.

\* \* \*

This [c]ourt convened a non-jury trial on this matter on April 23, 2018. At trial, VFMA introduced evidence and testimony to show that [Appellant] signed the Contract and failed to pay the outstanding invoices, through the testimony of Steven Berezansky, the bursar of the school. [Appellant] attempted to show that the summary dismissal of Gavin after the second instance of Gavin's violation of the substance abuse policy was improper. To accomplish this, [Appellant] testified and also called Robert Wood as a witness. [Appellant] testified as to his knowledge of the Contract at the time he signed it, and his version of the details of Gavin's expulsion. He also testified as to the basis

- 3 -

for his counterclaim. On cross-examination, [Appellant] testified that he was an attorney who had been in practice for more than 25 years. He also testified he had not read all of the Contract, The Guidon, or the Parents' Handbook prior to signing the Contract.

At the time Mr. Wood was called to testify, the [c]ourt engaged in a colloquy with counsel for [Appellant] concerning Mr. Wood's background and the relevance of his testimony. After taking the stand and beginning to testify, it became clear that Mr. Wood did not have personal knowledge of the events concerning Gavin's dismissal. … Upon that disclosure, VFMA's counsel moved to strike the witness. The [c]ourt agreed: "[S]o I don't know how this gentleman can move the ball forward, so to speak, when he has no knowledge of the—of what happened…." After further colloquy, the [c]ourt granted VFMA's motion to strike Mr. Wood's testimony.

\*    \*    \*

On July 2, 2018, this [c]ourt awarded $7,329.40 in damages and $24,017.34 in attorneys' fees and costs in its Order. On July 17, 2018, VFMA filed a Supplemental Petition for Attorneys' Fees as permitted by the July 2, 2018 Order. [Appellant] failed to respond to this Supplemental Petition.

On July 13, 2018, [Appellant] submitted a Motion for Post-Trial Relief asserting several points of alleged error including assertions that VFMA's counsel made misleading statements concerning school procedures for dismissal, and that The Guidon and related documents do not require summary (or instant) dismissal for violation of the conditions of Gavin's probation or violation of the school's drug and alcohol policies. [Appellant] further alleged that VFMA had not put forth evidence concerning analysis or conclusions about the effect Gavin's violation of school policies had on relationships at the school or the school's mission. With respect to attorneys' fees, [Appellant] alleged that the [c]ourt failed to determine if the fees requested were reasonable. Finally, [Appellant] argued that dismissal or preclusion of Robert Wood as a witness was improper. …

\*    \*    \*

- 4 -

On September 4, 2018, this [c]ourt denied the Motion for Post-Trial Relief and also entered an Order for a Molded Verdict, granting [VFMA's] Supplemental Petition for Attorneys' Fees.

(Trial Court Opinion, filed December 4, 2018, at 1-8) (internal citations and some quotation marks omitted). The court awarded an additional $19,504.47 in counsel fees and costs, resulting in a molded verdict and judgment of $50,851.21 in favor of VFMA. Appellant filed a timely notice of appeal on September 28, 2018. On October 3, 2018, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b); Appellant complied.

Appellant raises the following issues for our review:

> WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW IN DISQUALIFYING WITNESS OF APPELLANT…FOR ABSENCE OF PERSONAL KNOWLEDGE WHERE THE WITNESS WAS PROFFERED TO TESTIFY AS TO HIS KNOWLEDGE AND EXPERTISE REGARDING THE REQUIREMENTS, PRIOR TO EXPULSION OF STUDENT, OF A "REASONABLE" CONCLUSION AND/OR A HEARING, IMPOSED BY THE WRITTEN TERMS OF THE CONTRACT, AND THE INHERENT TERMS OF THE CONTRACT NECESSITATED BY DUE PROCESS, AND GOOD FAITH AND FAIR DEALING, WHERE APPELLANT['S] WITNESS, [ROBERT] WOOD, ACQUIRED THE KNOWLEDGE AND EXPERTISE FROM SITTING ON HUNDREDS OF DISCIPLINARY HEARINGS DURING HIS SEVEN-YEAR EMPLOYMENT WITH [VFMA]…, AND AS THE DEAN OF STUDENTS, AND AS TITLE [IX] COORDINATOR, AND FROM EARNING A MASTER'S DEGREE IN EDUCATION, AND A MASTER'S DEGREE IN LEGAL STUDIES…[?]; AND IF SO;
>
> > (A) WHETHER APPELLANT['S]…WITNESS, [MR.] WOOD, WAS ESSENTIAL TO PROVING A MATERIAL BREACH OF THE CONTRACT BY [VFMA]…, BY VIRTUE

OF THE FAILURE OF [VFMA]…, PRIOR TO EXPULSION OF STUDENT, TO MAKE A "REASONABLE" CONCLUSION AND/OR HOLD A HEARING, WHICH MATERIAL BREACH OF [VFMA]…OPERATED TO DISCHARGE THE DUTY OF PERFORMANCE OF APPELLANT…TO PAY REMAINING TUITION UNDER THE CONTRACT[?]

WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING THE MOTION FOR DISQUALIFICATION OF THE TRIAL COURT JUDGE…[?]

WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW IN DENYING THE MOTION FOR POST TRIAL RELIEF OF APPELLANT…[?]

(Appellant's Brief at 3-5).

Preliminarily, Rule 1925(b) requires that statements "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii). "Issues not included in the Statement and/or not raised in accordance with the provisions of [Rule 1925(b)(4)] are waived." Pa.R.A.P. 1925(b)(4)(vii); *Majorsky v. Douglas*, 58 A.3d 1250 (Pa.Super. 2012), *appeal denied*, 620 Pa. 732, 70 A.3d 811 (2013), *cert. denied*, 571 U.S. 1127, 134 S.Ct. 910, 187 L.Ed.2d 780 (2014). Additionally, a Rule 1925(b) statement must be specific enough for the trial court to identify and address the issues that an appellant wishes to raise on appeal. *Lineberger v. Wyeth*, 894 A.2d 141 (Pa.Super. 2006). If a concise statement is too vague, this Court may deem the issue waived. *Id.*

Here, Appellant failed to raise his second issue in his Rule 1925(b)

statement. Therefore, it is waived. *See* Pa.R.A.P. 1925(b)(4)(vii); *Majorsky, supra*. Additionally, in his third issue, Appellant essentially argues the court erred in denying Appellant's post-trial motion because the court should not have determined Appellant breached the Contract for the following reasons: (1) the court misinterpreted the terms of the Contract by reading words into the Contract and ignoring language in the Contract; and (2) the Contract is an adhesion contract. Appellant failed to make these points in his Rule 1925(b) statement, however. Rather, he limited his claim regarding the court's denial of his post-trial motion to a challenge to the award of and the amount of attorneys' fees the court granted VFMA. Therefore, Appellant's third issue is also waived. *See id.* To the extent Appellant does mention adhesion contracts, it is unclear whether Appellant challenged the entire Contract as an adhesion contract, or only the attorneys' fees provision. Thus, Appellant's third issue is waived on this basis as well. *See Lineberger, supra*.

In his remaining issue presented, Appellant argues his witness, Robert Wood, had experience dealing with disciplinary procedures during his time as the Dean of Students and Title IX Coordinator at VFMA, which qualified him as an expert witness in this matter. Appellant further alleges that Pa.R.E. 703 allows an expert witness like Mr. Wood to base his opinion on facts or data without personal knowledge. Appellant contends Mr. Wood's testimony was essential to establish that the Contract required VFMA to hold a hearing before

expulsion and reasonably decide that Gavin's actions interfered with VFMA's mission. Appellant concludes the trial court erred in excluding Appellant's witness, and this Court should reverse and remand for a new trial. We disagree.

"[A] trial court has broad discretion with regard to the admissibility of evidence…." *Schuenemann v. Dreemz, LLC*, 34 A.3d 94, 102 (Pa.Super. 2011). "To constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or [unduly] prejudicial to the complaining party." *Ettinger v. Triangle-Pacific Corp.*, 799 A.2d 95, 110 (Pa.Super. 2002), *appeal denied,* 572 Pa. 742, 815 A.2d 1042 (2003).

Pennsylvania Rule of Evidence 701 addresses the admission of opinion testimony by lay witnesses and provides:

> **Rule 701.  Opinion Testimony by Lay Witnesses**
>
> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:
>
>  (a)  rationally based on the witness's perception;
>
>  (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
>  (c)  not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Pa.R.E. 701.  With regard to the admission of expert witness testimony, Pennsylvania Rule of Evidence 702 provides:

> **Rule 702.  Testimony by Expert Witnesses**
>
> A witness who is qualified as an expert by knowledge, skill,

experience, training, or education may testify in the form of an opinion or otherwise if:

(a)   the expert's scientific, technical, or other specialized knowledge is beyond that possessed by the average layperson;

(b)   the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; and

(c)   the expert's methodology is generally accepted in the relevant field.

Pa.R.E. 702.  Furthermore, "[a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." Pa.R.E. 703.

Instantly, Appellant called Mr. Wood to testify that VFMA's disciplinary actions regarding Gavin's dismissal, particularly the lack of a hearing, were unusual and improper.  After he took the stand and began to testify, Mr. Wood revealed his lack of involvement in, and personal knowledge of, the events surrounding Gavin's dismissal.  VFMA moved to strike Mr. Wood as a witness, and the court agreed.  While Appellant now claims he called Mr. Wood as an "expert" witness, the record shows otherwise.  Rather, Appellant called Mr. Wood as a lay or fact witness.  As a lay witness, Mr. Wood was limited to testifying about information "rationally based on [his] perception."  **See** Pa.R.E. 701.  Thus, the court properly precluded Mr. Wood's testimony upon realizing he had no direct knowledge of what had occurred regarding Gavin's dismissal.  **See Schuenemann, supra**.

Although not in his questions presented, Appellant also asserted in his Rule 1925(b) statement and in his appellate brief that VFMA failed to determine whether Gavin's conduct "interfere[d] with establishing and maintaining a positive and constructive relationship or otherwise seriously interfere[d] with the accomplishment of the VFMA Mission." Appellant maintains the Contract required VFMA to come to this conclusion before dismissing a cadet, and VFMA failed to do so in this case. Appellant concludes this Court should reverse and remand for a new trial. We disagree.

Contract interpretation is a question of law; therefore, this Court is not bound by the trial court's interpretation. **Kraisinger v. Kraisinger**, 928 A.2d 333, 339 (Pa.Super. 2007). "Our standard of review over questions of law is *de novo* and to the extent necessary, the scope of our review is plenary as the appellate court may review the entire record in making its decision. However, we are bound by the trial court's credibility determinations." **Id.** (quoting **Stamerro v. Stamerro**, 889 A.2d 1251, 1258 (Pa.Super. 2005)).

"To maintain a cause of action in breach of contract, a plaintiff must establish: (1) the existence of a contract, including its essential terms; (2) a breach of a duty imposed by the contract; and (3) resulting damages." **Lackner v. Glosser**, 892 A.2d 21, 30 (Pa.Super. 2006). "For a contract to be enforceable, the nature and extent of the mutual obligations must be certain, and the parties must have agreed on the material and necessary details of their bargain." **Id.** "An enforceable contract requires, among other

things, that the terms of the bargain be set forth with sufficient clarity." *Id.*

"[T]he intent of the parties to a written contract is contained in the writing itself. When the words of a contract are clear and unambiguous, the meaning of the contract is ascertained from the contents alone." *Chen v. Chen*, 586 Pa. 297, 307, 893 A.2d 87, 93 (2006) (quoting *Mace v. Atlantic Refining Mktg. Corp.*, 567 Pa. 71, 80, 785 A.2d 491, 496 (2001)).

> When interpreting the language of a contract, the intention of the parties is a paramount consideration. In determining the intent of the parties to a written agreement, the court looks to what they have clearly expressed, for the law does not assume that the language of the contract was chosen carelessly. When interpreting agreements containing clear and unambiguous terms, we need only examine the writing itself to give effect to the parties' intent.

*Melton v. Melton*, 831 A.2d 646, 653-54 (Pa.Super. 2003) (quoting *Profit Wize Mktg. v. Wiest*, 812 A.2d 1270, 1274 (Pa.Super. 2002)). In other words, the intent of the parties is generally the writing itself. *Kripp v. Kripp*, 578 Pa. 82, 849 A.2d 1159 (2004). "If left undefined, the words of a contract are to be given their ordinary meaning." *Id.* at 90, 849 A.2d at 1163.

Instantly, the trial court reasoned:

> [Appellant] contends that VFMA did not follow the requirements of the Contract because the school failed to conduct a hearing and also did not engage in an inquiry concerning the effect of Gavin's actions on his relationships with the school or on the school's mission. The Contract provides that: "VFMA reserves the right to dismiss or not re-enroll a Cadet if the Administration reasonably concludes that the actions of the Cadet or the parents or guardians interfere with establishing and maintaining a positive and constructive relationship or otherwise seriously interferes with the accomplishment of the VFMA Mission."

> The plain terms of the Contract set forth that the impact on relationships term in the [C]ontract is a reservation of rights to VFMA, not a duty imposed by the Contract. As such, failure by VFMA to perform such an inquiry is not a breach of a term of the Contract sufficient to relieve [Appellant] of his duty to make payment, [or] entitle him to the approximately $20,000.00 in unjust enrichment damages he seeks.

(Trial Court Opinion, filed December 4, 2018, at 9) (internal citations omitted).

The record supports the trial court's decision to deny Appellant relief on the grounds asserted. Accordingly, we affirm.

Judgment affirmed.

President Judge Emeritus Bender joins this memorandum.

Judge Colins notes his dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/19