J-A29024-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DAVID L. LILIENTHAL AND KATHLEEN LILIENTHAL, HIS WIFE | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| J.E.D. HEATING AND COOLING, INC. | : : | |
| Appellant | : | No. 527 WDA 2023 |

Appeal from the Order Entered April 17, 2023
In the Court of Common Pleas of Washington County Civil Division at
No(s): 2020-7310

BEFORE: BOWES, J., KUNSELMAN, J., and MURRAY, J.

MEMORANDUM BY KUNSELMAN, J.:             **FILED: February 27, 2024**

Following a non-jury trial, J.E.D. Heating and Cooling, Inc. appeals from the judgment entered in the amount of $200,749.33 in favor of David and Kathleen Lilienthal. For the reasons that follow, we affirm.

From October 2014 to February 2019, J.E.D. serviced a driveway-melt system at the Lilienthals' home. J.E.D.'s employee – who had no training to service driveway-melt systems – used an improper ratio of glycol to water in the pipes. This allowed the freezing point of the solution to reach 30 degrees Fahrenheit. The solution froze; the pipes burst. The Lilienthals sued J.E.D. for negligence to recover the cost of replacing the system and their driveway.

As part of their case to prove J.E.D.'s liablity, the Lilienthals called George M. Gittinger, C.E.M., a licensed engineer. With decades of prior experience working on thermal and hydronic systems, Mr. Gittinger began installing and servicing driveway-melt systems in 2002. Based on his review

of the Lilienthals' system, the depositions of J.E.D.'s employees, and its files, Mr. Gittinger opined to a reasonable degree of scientific certainty that, "proper care and maintenance and service was not done per industry standards." N.T., 11/15/22, at 122.

The trial court ruled that J.E.D. was 80% liable and the Lilienthals were 20% liable, because the Lilienthals waited several years before hiring J.E.D. to begin regular maintenance on the system.

J.E.D. moved for post-trial relief, which the trial court denied. J.E.D. appealed and filed a Rule 1925(b) Statement of Errors, which mirrored the issues in J.E.D.'s motion for post-trial relief.

J.E.D. raises five appellate issues, as follows:

1. Whether the trial court's findings that J.E.D.'s negligent conduct was the cause of the failure of the driveway-melt system, based upon expert opinion testimony, is not supported by competent evidence?

2. Whether the Lilienthals' expert's testimony that J.E.D. added water to the [driveway-melt system] was not based upon competent record evidence or testing and, therefore, the trial court erred in considering the testimony and concluding JED was liable?

3. Whether the trial court erred in basing its conclusion that J.E.D. was negligent on the admittedly speculative testimony of the Lilienthals' expert that J.E.D. had added water to the DMS system?

4. Whether the trial court's finding that the damages were not subject to apportionment for depreciation is not supported by competent evidence where David Lilienthal's testimony as to the current condition of the driveway was impeached?

5. Whether the trial court erred in failing to consider over a decade of neglect of the DMS by the Lilienthals and properly

assign a percentage of contributory or comparative negligence?

J.E.D.'s Brief at 4.[1] We discuss the first three issues together and the last two issues separately.

In its first three issues, J.E.D. contends the "trial court's findings that [its] negligent conduct was the cause of the failure of the driveway-melt system, based upon expert opinion testimony, was not supported by competent evidence." *Id.* at 12. It claims the trial court's reliance upon Mr. Gittinger's expert testimony violated Pennsylvania Rule of Evidence 702. *See id.* In the view of J.E.D., Mr. Gittinger offered "incompetent expert opinion testimony" to prove that J.E.D. negligently serviced the Lilienthals' driveway-melt system. *Id.* at 13. It also challenges the admissibility of Mr. Gittinger's testimony based upon Pa.R.E. 705. *See id.* at 13-16.

Before reaching the merits of these issues and argument, we must first determine whether J.E.D. preserved them for appellate review or has waived those claims. "The issue of waiver presents a question of law, and, as such,

_____

[1] With respect to J.E.D.'s fourth and fifth issues, we observe that these are **not** the fourth and fifth issues that J.E.D. argues in the argument section of its appellate brief. Instead, J.E.D. raises two new issues in that section. For issue four, it claims, "The trial court's finding that the Lilienthals were only 20% negligent, despite years of neglect of the [driveway-melt system,] was against the weight of the evidence." J.E.D.'s Brief at 18. For issue five, it claims, "The evidence was such that no two reasonable minds could disagree that the [non-jury decision] should have been rendered for J.E.D." *Id.* at 20. This is improper practice under the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2116(a) ("The statement of the questions involved **must** state concisely the issues to be resolved . . . .") "No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby." *Id.*

our standard of review is *de novo*, and our scope of review is plenary." ***Getting v. Mark Sales & Leasing, Inc.***, 274 A.3d 1251, 1257 (Pa. Super. 2022), *reargument denied* (June 14, 2022).

In order to preserve an evidentiary claim for appellate review, the appellant must have made, "on the record . . . a timely objection, motion to strike, or motion *in limine* and [have] state[d] the specific ground, unless it was apparent from the context . . . ." Pa.R.E. 103. J.E.D. did none of those things at trial.

The record reveals that J.E.D. never filed any motions *in limine*. Nor did it object to Mr. Gittinger's appearance as an expert witness, his testimony, or his opinions during the trial. **See** N.T., 11/15/22 at 90-135, 157-61. Thus, the issue of whether Mr. Gittinger's expert opinion that J.E.D. breached the standard of care violated Pa.R.E. 702 and 705 was never raised before or during the trial of this case.

Moreover, when "a litigant files post-trial motions but fails to raise a certain issue, that issue is deemed waived for purposes of appellate review." ***Diamond Reo Truck Co. v. Mid-Pac. Indus., Inc.***, 806 A.2d 423, 428 (Pa. Super. 2002). Similarly, issues not included in the Rule 1925(b) Statement and/or not raised in accordance with the provisions of Pa.R.A.P. 1925(b)(4) are waived. **See Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998).

In its motion for post-trial relief and its 1925(b) Statement, J.E.D. claimed, "The testimony of the [Lilienthals] and [Mr.] Gittinger, **failed to satisfy their burden of proof** that the conduct of [J.E.D.] was by a

- 4 -

preponderance . . . the cause of the failure of the driveway-melt system." J.E.D.'s 1925(b) Statement at 1 (emphasis added). J.E.D. argued to the trial court that Mr. Gittinger "testified that [a] J.E.D. employee who had serviced the [system], added water to [it], and as the court found, the glycol percentage was reduced to 1% [b]ut there is **no** evidence in the record to support such a claim." ***Id.*** at 1-2 (emphasis added). J.E.D. then contended that the non-jury decision was "against the weight of the evidence and/or the [trial] court committed an error of law." ***Id.*** at 2.

Hence, the issues that J.E.D. raised in its motion for post-trial relief and its 1925(b) Statement were weight-of-the-evidence and sufficiency-of-the-evidence claims. The issues did **not** concern the **competency** of the expert's testimony, which is at the heart of the first three issues in J.E.D.'s appellate brief.

This court has explained that whether evidence is "competent" goes to its legal admissibility, not its weight or legal sufficiency. As we have said, "Evidence is **competent** if it is material to the issue to be determined at trial." ***Schuenemann v. Dreemz, LLC***, 34 A.3d 94, 101 (Pa. Super. 2011).

Indeed, the term "competent evidence" equates to the admissibility of that evidence. "**Competent evidence. 1.** See *admissible evidence.*" BLACK'S LAW DICTIONARY at 674 (10ᵗʰ Ed. 2014). "Admissible evidence" is "relevant and is of such a character (e.g., not unfairly prejudicial, based on hearsay, or privileged) that the court should receive it." ***Id.*** In other words, "competent

evidence" is relevant evidence, which no other rule of evidence or law prohibits the trial court from admitting.[2]

Therefore, by asking this Court whether Mr. Gittinger's expert testimony was competent evidence, J.E.D. seeks to litigate an evidentiary issue that it did not raise in a motion *in limine*, a timely objection, its post-trial motion, or its 1925(b) Statement. If J.E.D. wanted to prevent Mr. Gittinger from offering his opinion based on facts supposedly not of record, it needed to contest the competency (a.k.a. admissibility) of his expert opinion at trial.

Because J.E.D. did not raise an evidentiary claim in the trial court to challenge the opinion testimony of Mr. Gittinger as being incompetent under Pa.R.E. 702 and 705, we dismiss its first three appellate issue as waived.

For its fourth issue, J.E.D. asks whether "the trial court's finding that the damages were not subject to apportionment for depreciation is not supported by competent evidence, where David Lilienthal's testimony as to the current condition of the driveway was impeached?" J.E.D.'s Brief at 4. This issue does not appear in either J.E.D.'s motion for post-trial relief or its

---

[2] The classic example of relevant, incompetent evidence are drugs that police seize during a warrantless search of a criminal defendant's home, person, car, or effects in violation of the two constitutions. *See* U.S. Const. amend. IV, Pa. Const. art. I § 8. The drugs are highly relevant to prove the defendant's guilt. However, they are also barred at the courtroom door upon a properly filed motion to suppress. The federal and state constitutions' exclusionary rules trump the rules of evidence and render the drugs incompetent evidence.

1925(b) Statement.  Accordingly, we dismiss J.E.D.'s fourth as waived.[3]  ***See Diamond Reo Truck Co.***, ***supra***, and ***Lord***, ***supra***.

Finally, J.E.D. asks "whether the trial court ***erred*** in failing to consider over a decade of neglect of the [driveway-melt system] by the Lilienthals and properly assign a percentage of contributory or comparative negligence?" J.E.D.'s Brief at 4 (emphasis added).  However, in its motion for post-trial relief and 1925(b) Statement, J.E.D. argued that the "ruling of the [trial] court goes ***against the weight of the evidence***, in failing to consider over a decade of neglect by the [Lilienthals] and properly assign the percentage of contributory or comparative negligence which should have amounted to fifty, if not fifty-one percent." J.E.D.'s 1925(b) Statement at 2 (emphasis added). These two issues are similar in wording, but they are quite distinct.

Indeed, the Supreme Court of Pennsylvania has stated, "A weight challenge is *sui generis*." ***Criswell v. King***, 834 A.2d 505, 512 (Pa. 2003). "Such a claim is ***<u>not</u> premised upon trial court error*** or some discrete and correctable event at trial, but instead ripens only after, and because of, the jury's ultimate verdict in the case." ***Id.*** (emphasis added). "The challenge

_____

[3] Even if we were to consider the issue that J.E.D. actually agues on pages 18-20 of its appellate brief, regarding comparative negligence, we note that the trial court did assign some comparative fault to the Lilienthals. Additionally, J.E.D. argues this weight-of-the-evidence claim to us *de novo*. This is not our standard of review for a weight claim. "Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence." ***Moffitt v. Miller***, 302 A.3d 1219, 1229 n.8 (2023). Thus, had J.E.D. preserved this issue for appellate review, we would not be able to grant it relief based on its framing of the appellate argument.

does not dispute the power of the jury to render the verdict it rendered, nor does it even allege any facial error in the verdict of the jury (be it, in the eyes of the challenger, a flaw, an inconsistency or a total injustice)." *Id.* A weight-of-the-evidence claim concedes that the fact finder was "fully empowered to rule in favor of either or any party." *Id.* In short, such a claim has nothing to do with trial court error.

Hence, by claiming on appeal that the trial court *erred*, J.E.D. has abandoned its weight-of-the-evidence claim and replaced it with some nebulous contention of "error." This new claim essentially invites this Court to substitute its view of the facts for that the fact finder and to reweigh the evidence, rather than review the trial court's ruling on J.E.D.'s weight-of-the-evidence claim.

Because J.E.D. did not raise its final appellate issue in its motion for post-trial relief or its 1925(b) Statement, we dismiss its final issue as waived.[4] *See Diamond Reo Truck Co.*, *supra*, and *Lord*, *supra*.

Judgment affirmed.

---

[4] Again, were we to consider the issue that J.E.D. argues in the fifth section of its brief, no appellate relief would be due, for the same reasons discussed in Note 3, *supra*. J.E.D. again argues a weight-of-the-evidence claim to this Court as if our standard of review was *de novo*.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

2/27/2024