J-A04037-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| JEROME HOLMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| FRANK SCRENCI | : | |
| | : | |
| Appellant | : | No. 1280 EDA 2023 |

Appeal from the Order Entered April 20, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  210303093

BEFORE:   STABILE, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                         **FILED MARCH 4, 2024**

Appellant, Frank Screnci (Defendant), appeals from a $51,467.12 judgment against him and in favor of plaintiff Jerome Holman (Plaintiff) on a jury verdict in a motor vehicle accident case.  For the reasons set forth below, we affirm.

This case arises out of a two-car accident on Ogontz Avenue in Philadelphia on June 27, 2019, in which the car that Defendant was driving crossed into the oncoming traffic lane and collided head-on with Plaintiff's car. Plaintiff filed this action on April 1, 2021, alleging that Defendant was negligent and seeking damages for lumbar sprain and strain, thoracic sprain and strain, cervical sprain and strain, right shoulder sprain and strain, right

_____

[*] Retired Senior Judge assigned to the Superior Court.

wrist sprain and strain, left hip sprain and strain, and post-traumatic headaches that Plaintiff alleged that he suffered as a result of the accident. Complaint ¶¶8-13.

The action was tried to a jury on January 9, 2023. At trial, Defendant did not contest that he was negligent and that his negligence caused the accident, and the only issues submitted to the jury were whether Defendant caused harm to Plaintiff and the amount of Plaintiff's damages. N.T. Trial at 39, 43, 50, 150, 162; Verdict Slip. Two fact witnesses, Plaintiff and Defendant, testified at trial, and a medical expert testified for Plaintiff by video deposition concerning Plaintiff's injuries and that they were caused by the accident. Prior to trial, Defendant had filed a motion *in limine* to preclude Plaintiff from testifying concerning injuries that Plaintiff's son suffered in the collision on the ground that the son was not a party and there was no claim for the son's injuries in the case. The trial court had granted that motion, but on the day of trial granted Plaintiff's motion to reconsider that ruling and permitted Plaintiff to testify concerning his observations of his son's condition and his feelings when he saw his son's injuries. N.T. Trial at 14-17. Over Defendant's objection, the trial court also excluded testimony from Plaintiff's medical expert's video deposition concerning a gunshot wound to Plaintiff's left leg that was unconnected to the accident. **Id.** at 18-21.

The jury returned a verdict finding that Defendant's negligence caused harm to Plaintiff and awarding Plaintiff $50,000 in damages. N.T. Trial at 164-

66; Verdict Slip. Plaintiff filed a timely motion for delay damages, and Defendant filed a timely post-trial motion seeking a new trial based on the exclusion of Plaintiff's gunshot leg injury and the admission of Plaintiff's testimony concerning his son's injuries. On April 18, 2023, the trial court entered an order awarding Plaintiff $1,467.12 in delay damages. On April 20, 2023, the trial court entered an order denying Defendant's post-trial motion and entering judgment in Plaintiff's favor and against Defendant in the amount of $51,467.12. This timely appeal followed.

Defendant presents the following issues for our review:

1. Whether the trial court committed an error of law or an abuse of discretion in precluding cross exam[ination] of plaintiff's expert, when no objection was made during his testimony, concerning past leg injuries and limitations, which unfairly prejudiced defendant and affected the outcome of the case?

2. Whether the trial court committed an error of law or an abuse of discretion in allowing the admission of irrelevant evidence of alleged injuries to a non-party passenger, which, unfairly prejudiced defendant and affected the outcome of the case?

Appellant's Brief at 2-3 (unnecessary capitalization and suggested answers omitted). Because both issues are claims of error concerning the admission or exclusion of evidence, our review is limited to determining whether the trial court abused its discretion. *Livingston v. Greyhound Lines Inc.*, 208 A.3d 1122, 1128 (Pa. Super. 2019); *Rohe v. Vinson*, 158 A.3d 88, 95 (Pa. Super. 2016).

The testimony of Plaintiff's medical expert that the trial court excluded was the following:

- 3 -

Q And you don't know any other accidents in which the plaintiff was involved, right?
A Do you mean ever or -- or since that time?
Q Since before, for example.
A Well, in -- in Ms. Pinto's initial note, I do have documentation that he had been -- that he had suffered a gunshot wound to the left leg and required surgery ….

                *              *              *

Q Okay. And I know you mentioned it, but you were aware then that the plaintiff had a prior gunshot wound to his left leg several years ago?
A That's correct.
Q And that he had a rod placed in his leg for that gunshot wound?
A I do believe I knew that, yes.
Q And that the plaintiff had nerve damage to his leg as a result of the gunshot wound?
A I'll say I -- I certainly knew that, yes.
Q All right. And the plaintiff also had trouble walking because of the gunshot wound?
A That's my understanding, sure.

N.T. Trial at 18-21; Ferrara Video Dep. at 36-38. The trial court held that this evidence was properly excluded as irrelevant because no leg injury was claimed by Plaintiff and Defendant submitted no expert testimony connecting the gunshot leg injury to the harm claimed by Plaintiff in this case. Trial Court Opinion at 5-7.

Defendant argues that the exclusion of this testimony was an abuse of discretion for two reasons: (1) Plaintiff did not preserve any objection to this testimony at the deposition; and (2) the evidence was relevant.

The first of these arguments is without merit. Although Plaintiff made no objection to the questions and testimony concerning the gunshot injury at the expert's deposition, he had a reason to believe that no objection at the deposition was necessary to preserve an objection to the relevance of this

testimony at trial because Defendant at the start of the deposition had placed on the record a standing relevance objection to evidence concerning injuries unconnected to the accident. Ferrara Video Dep. at 5-6. There was discussion by Plaintiff and the trial court of reference to a gunshot being prejudicial, N.T. Trial at 18, 21; Trial Court Opinion at 6, and an objection to mention of a gunshot wound at the time of the deposition would have permitted Defendant to rephrase his questions to eliminate reference to a gunshot and avoid the prejudice issue. Defendant, however, was not prejudiced by loss of the ability to rephrase the questions because the trial court held that it would have excluded the evidence as irrelevant even if there were no reference to a gunshot. Trial Court Opinion at 5-7.

The second argument is supported by the record. The injuries alleged in Plaintiff's complaint were injuries to his right shoulder and wrist, back, and left hip, and headaches. Complaint ¶9. Plaintiff's expert testified that he observed in his examination that Plaintiff "had some hip flexion weakness that I -- I think could be pertainable to the accident, … weaker on the left than the right comparatively," Ferrara Video Dep. at 22, but did not reference any leg injury or opine that the accident caused Plaintiff difficulty walking. Rather, the expert's opinion concerning Plaintiff's injuries from accident was that Plaintiff "had a lumbosacral sprain and strain; he had muscle spasticity; he had a right shoulder sprain and strain and a left wrist sprain and strain." *Id.*

at 28. Defendant did not call any expert to testify at trial that the gun injury caused hip flexion weakness or to explain the effect of hip flexion weakness.

At trial, however, Plaintiff testified that after the accident "I have to be mindful on everything I do, on how I move, because I'll be on the floor if I just get up and go like I used to." N.T. Trial at 68-69. Evidence that Plaintiff had a pre-existing difficulty walking due to a prior injury would be relevant to refute that claim, and the excluded testimony included medical opinion that the prior gunshot injury caused Plaintiff to have trouble walking. Ferrara Video Dep. at 38. Exclusion of otherwise inadmissible evidence that responds to a plaintiff's injury claims at trial can constitute an abuse of discretion. *Cacurak v. St. Francis Medical Center*, 823 A.2d 159, 167-68 (Pa. Super. 2003). Defendant preserved the argument that Plaintiff's testimony made evidence of a pre-existing leg injury relevant by asking the trial court to reconsider its exclusion of the gunshot injury after Plaintiff's testimony on the ground that excluded testimony was relevant to respond to Plaintiff's testimony that "he falls a lot." N.T. Trial at 98.

Nonetheless, an error in the admission or exclusion of evidence constitutes grounds for reversal only if the complaining party was prejudiced by the ruling. *Aldridge v. Edmunds*, 750 A.2d 292, 298 (Pa. 2000); *Wright v. Residence Inn by Marriott, Inc.*, 207 A.3d 970, 974 (Pa. Super. 2019); *Schuenemann v. Dreemz, LLC*, 34 A.3d 94, 101 (Pa. Super. 2011). An erroneous ruling prejudices a party if it could have affected the verdict.

*Wright*, 207 A.3d at 974; *Schuenemann*, 34 A.3d at 101; *Reott v. Asia Trend, Inc.*, 7 A.3d 830, 839 (Pa. Super. 2010), *aff'd*, 55 A.3d 1088 (Pa. 2012). Notwithstanding the exclusion of the medical expert's testimony concerning left leg injury, the jury did hear evidence that Plaintiff had impaired ability to walk and move without falling prior to the accident. The following testimony of the medical expert was admitted:

> [Plaintiff] had some weakness with dorsiflexion of his left foot. Actually, I'm going to say that's old. He had a previous injury that had some left foot weakness. So that was old.

Ferrara Video Dep. at 21-22. In addition, Plaintiff admitted in his testimony that he had balance problems unrelated to the accident from prior strokes and asserted in his closing argument that he was already a disabled person who could barely move around before the accident. N.T. Trial at 61, 125-26, 129-30.

Furthermore, Plaintiff's testimony that he has a risk of falling since the accident was brief and not the focus of his claims of injury. Rather, Plaintiff identified his injuries as solely back, shoulder, and wrist injuries and testified primarily to back pain and stiffness, temporary pain in his wrist and shoulder, and the effect of his back pain on his ability to lift and to sit for long periods. *Id.* at 62-66, 68-71, 81-82, 86-87. In his closing argument to the jury, Plaintiff asserted that he suffered continuing pain in his back and pain in his shoulder and wrist for a period after the accident and that the effects on his life from the accident were inability to lift and to sit for long periods. *Id.* at

127-31, 141. Given that the jury was made aware the Plaintiff had pre-existing injuries or conditions that affected his ability to move normally without falling and that the claim that the accident caused him difficulty moving without falling was only a brief part of Plaintiff's testimony that was not argued to the jury, we conclude that the exclusion of the medical expert's testimony concerning the leg injury could not have affected the verdict and therefore is not grounds for reversal.

The evidence at issue in Defendant's second claim of error is Plaintiff's testimony that his son was with him in the car at the time of the accident and that Plaintiff had "seen blood coming from my son's mouth," that his son was shocked and hysterical, and that Plaintiff was more concerned about his son than about his own condition. N.T. Trial at 61-62. Defendant argues that the trial court abused its discretion in allowing this testimony because the issue had already been resolved by an order granting a motion *in limine* to exclude this evidence and because evidence concerning Plaintiff's son's injuries was irrelevant and prejudicial. Neither of these arguments merits relief.

Contrary to Defendant's assertions, the prior grant of Defendant's motion *in limine* did not bar the trial court from allowing the testimony. The motion *in limine* order was issued on January 6, 2023, only three days before the trial court granted reconsideration, and was issued by the same judge who granted reconsideration and allowed the testimony. 1/6/23 Order. The coordinate jurisdiction rule only applies to the overruling by one judge of a

ruling of another judge and does not bar a judge from reconsidering his or her own prior ruling. *Gateway Towers Condominium Association v. Krohn*, 845 A.2d 855, 861 (Pa. Super. 2004); *Wood v. E.I. du Pont de Nemours & Co.*, 829 A.2d 707, 710–11 (Pa. Super. 2003). "A court has the inherent power to reconsider its own rulings." *Wood*, 829 A.2d at 710–11 (quoting *Joseph F. Cappelli & Sons, Inc. v. Keystone Custom Homes, Inc.*, 815 A.2d 643 (Pa. Super. 2003)). There is no claim that Defendant altered its trial preparation in reliance on the earlier grant of the motion *in limine* in the brief three-day period before the trial court reversed itself.

The trial court held that Plaintiff's testimony concerning his observation of his son's injuries was properly admitted to respond to Defendant's contention that Plaintiff punched him in the face after the collision. Trial Court Opinion at 7-8. This ruling was not an abuse of discretion.[1]

---

[1] The trial court also held that Plaintiff's testimony concerning his observation of his son's injuries was properly admitted as evidence of Plaintiff's mental distress damages. Trial Court Opinion at 7. This ground was not sufficient to permit Plaintiff to testify to his observation of his son's injuries because there was no such claim in the action. Plaintiff in his complaint claimed damages resulting from his physical injuries and did not assert a claim for emotional distress damages from observing injury to another person. Complaint ¶¶6, 9-13. Although the complaint alleged that Plaintiff "has suffered emotional injuries, along with the physical injuries suffered," *id.* ¶11, it did not allege that such emotional injuries were caused by observing injury to another person or that anyone other than Plaintiff was injured in the accident. We therefore do not affirm the trial court's admission of the evidence concerning Plaintiff's observation of his son's injuries on this basis.

Defendant testified that right after the collision, Plaintiff came over to him screaming and punched him in the face. N.T. Trial at 50. Plaintiff testified about his son only after Defendant introduced that evidence. Plaintiff denied punching Defendant, explaining that he was concerned about his son and checked on his son and did not go over to Defendant's car after the accident. *Id.* at 61-62. In his closing, Plaintiff's counsel related the issue of the son's injuries to Defendant's claim that Plaintiff attacked him, arguing that Plaintiff would not have punched Defendant because Plaintiff's primary concern was his son's condition, not Defendant. *Id.* at 138-39.

As noted above, otherwise inadmissible evidence may properly be admitted to respond to evidence introduced by another party. *Cacurak*, 823 A.2d at 167-68. Evidence is also relevant and may properly be admitted to explain a party's conduct or the events that occurred. *Engle v. West Penn Power Co.*, 598 A.2d 290, 299-300 (Pa. Super. 1991); *Reichman v. Wallach*, 452 A.2d 501, 508 (Pa. Super. 1982). Defendant's contention that this evidence should have been excluded as unduly prejudicial because mention of Plaintiff's son's injuries would provoke sympathy for Plaintiff is without merit, as this evidence was responsive to evidence introduced by Defendant that Plaintiff attacked him, which, while admissible to show an alternative cause of Plaintiff's wrist injury and lack of serious injury to the wrist from the accident, would otherwise blacken Plaintiff's character.

Because Defendant was not prejudiced by the trial court's exclusion of evidence of Plaintiff's prior gunshot leg injury and the trial court did not abuse its discretion in permitting Plaintiff to testify to his observation of his son's injuries, neither of Defendant's issues merits relief. We therefore affirm the judgment entered on the jury's verdict.

Judgment affirmed.

Judge Stabile joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>3/4/2024</u>